## WILLIAM S. RIDGELY and GEORGE T. MELVIN *vs.* STATE OF MARYLAND.

*Criminal law—Appeal—Libel—Practice—Evidence—*

No appeal lies from any ruling upon a demurrer to an indictment until after final judgment, and then the case can only be brought up for review by a writ of error.

On the trial of an indictment for libel, a refusal to instruct the jury that the State has offered no evidence legally sufficient to support the indictment, and their verdict must be for the traversers, is proper.

Where the State's attorney expressly stated that he placed no reliance upon the other matters contained in the publication, but relied exclusively upon the charges of theft, testimony not relating to the charges of theft was properly excluded.

Where the traversers offered to prove certain facts tending to show the truth of the libelous matter, and the Court excluded the evidence so offered, but the witness, before leaving the stand, disclaimed being able to testify to the facts which they offered to prove by him, they were not injured by the ruling of the Court.

Where the report of a committee of investigation, made to the Board of Directors of the House of Correction, was offered in evidence, but was not set out in the bill of exception, it will be presumed that it was properly rejected.

APPEAL from the Circuit Court for Anne Arundel County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*John V. L. Findlay,* and *Daniel R. Magruder,* (with whom were *E. S. Riley,* and *Frank. H. Stockett,* on the brief,) for the appellants.

Ridgely and Melvin *vs.* State.

*John Prentiss Poe, Attorney-General,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

The appellants are the proprietors of a newspaper known as "The Maryland Republican," published in Annapolis, and they were indicted in the Circuit Court for Anne Arundel County for libelling Frank A. Bond, who was one of the judges of election for said county at the election for State and county officers held on the third of November, 1891.

The traversers demurred to the indictment, and their demurrer having been overruled, they pleaded the general issue, and went to trial before a jury. During the course of the trial they took twelve exceptions,—one to the refusal of the Court at the conclusion of the State's testimony in chief, to instruct the jury that there was no legally sufficient evidence before them to support the indictment, and that their verdict must be for the traversers; and eleven exceptions to the ruling of the Court upon the admissibility of testimony. The verdict of the jury being against them, they have appealed, no final judgment, however, having been entered in the Court below.

It has been repeatedly held in this State that no appeal lies from any ruling upon a demurrer until- after final judgment, and that then the case can only be brought up for review by a writ of error. *Kearney vs. State,* 46 *Md.*, 424; *Forwood vs. State,* 49 *Md.*, 538; *Richardson vs. State,* 66 *Md.*, 205; and *Lamb vs. State,* 66 *Md.*, 289.

The questions arising on the demurrer are, therefore, not before us. We will consider the questions arising under the exceptions.

The first exception presents the question as to the *right* of the parties in a criminal proceeding to *require* the Court to instruct the jury as to the *legal effect* of the evidence.

The counsel for the traversers in his opening statement informed the jury that they proposed to justify by

Ridgely and Melvin *vs.* State.

proving the truth by overwhelming proof, of the alleged libellous matter set out in the indictment. The publication of the alleged libel, and that it was published in the Maryland Republican, of which the traversers were publishers and proprietors, were admitted, and also that the issue of said paper containing said libel was circulated through the mail and by carriers. Other evidence was offered tending to establish the facts alleged in the indictment, and upon the close of the State's case in chief the traversers prayed the Court "to instruct the jury that the State has offered no evidence legally sufficient to support the indictment, and their verdict must be for the traversers." This prayer the lower Court rejected. In view of the decisions of this Court there ought not to be any doubt about the question here presented, for it has been frequently held that no Court in this State, whatever may be the rule elsewhere, can be required by counsel or jury in criminal cases, to give instructions either upon the *law of the crime or the legal effect of the evidence. Broll vs. The State,* 45 *Md.,* 359; *Bloomer vs. The State,* 48 *Md.,* 539; *Beard vs. The State,* 71 *Md.,* 279.

The rejected prayer did not ask the Court to tell the jury that the evidence, or any portion of it, was not admissible for any reason; but after it was all before them without objection, it said to them in effect: "You have heard the evidence offered by the State, and although you are the judges of law as well as of fact, the Court instructs you that, as matter of law, the evidence is not sufficient to support the indictment, and you *must* acquit." As is frequently said, a prayer in this form is equivalent to a demurrer to the evidence. In *Bloomer's Case, supra,* it was attempted by the traversers, after all the testimony had been offered and received by the Court subject to exception to its legal sufficiency and admissibility, to exclude it by motion from the consid-

eration of the jury because it was not sufficient in law to support the indictment. "This motion," said BOWIE, J., delivering the opinion of the Court, "is equivalent to a demurrer to the evidence, by which the Court is called on to declare what the law is upon the facts shown in evidence, analogous to a demurrer upon facts alleged in pleading." And we held that to grant such a motion would violate the provision of the Constitution of Maryland, which makes the jury in criminal cases judges of law as well as of fact.

*Beard's Case, supra,* may be referred to as the fullest, as well as the most recent in this State in relation to the question we are considering. In the opinion of the Court delivered by ALVEY, C. J., it is said that "both before and since the constitutional declaration upon the subject (Art. 15, sec 5, of the Constitution of Maryland,) it was and has been the practice of Judges in some parts of the State to decline to give instructions to the jury in criminal cases under any circumstances; while in other parts of the State it has been the practice for the Judges to give advisory instructions when requested so to do. It seems to have been regarded as a matter of *discretion* with the Judge, there being no *positive* duty requiring him to pursue the one course or the other." And again, "The Judge cannot therefore by any instruction given in a criminal case, bind the jury as to the definition of the crime, or *as to the legal effect of the evidence before them.*" If, however, the judge should instruct the jury, even in an advisory form, the traverser may appeal if he should be injured thereby. *Beard vs. State, supra; Swann vs. State,* 64 *Md.,* 425. But if the instruction should be refused, as it was in this case, there can be no appeal, since it is entirely in the discretion of the Judge whether he will or will not instruct the jury.

The action of the learned Judge, however, appears to have been correct even upon the theory of the appellant,

for there was some evidence to go to the jury. The State proved the publication of the alleged libel by the traversers, and that General Bond was one of the judges of election in regard to whom the libellous language set forth in the indictment had been used. This certainly was evidence tending to support the allegations of the indictment.

Before proceeding to consider the other exceptions, all of which relate to questions as to the admissibility of testimony, it is necessary to refer to a fact set forth in the second exception, and that fact is that at the trial below the State's Attorney expressly stated "that he placed no reliance upon the other matters contained in the publication, but *relied exclusively* upon the charges of theft."

The State, having abandoned all other charges, it would be a needless consumption of time to allow the traversers to offer proof of the truth of something they are not in fact or in law charged with having published. Under these circumstances it seems to us very clear that according to the settled rules of evidence the testimony should have been, as it was, confined to the one issue before the jury, namely, were the charges of theft true? The traversers admitted the publication in their newspaper by which they alleged General Bond was guilty of the crime of larceny, and they were bound to establish the truth of this allegation to the satisfaction of the jury by competent and relevant testimony.

And when, therefore, it appears by an examination of the second, third, fourth, fifth, sixth, seventh, and ninth bills of exception that they contain no testimony relating to the charge of theft, it is clear without regard to other valid objections, that the testimony therein set forth was properly excluded.

It appears by the eighth bill of exception that the traversers offered to prove by the Hon. Charles B. Rob-

erts, who was a member of the board of directors of the
House of Correction, that General Bond was superintend-
ent, and that it was upon the motion of the witness that
the committee of investigation was appointed; and he
was then asked the question, "Why did you make the
motion?" To which question the witness answered, "Be-
cause of information obtained;" when the State objected
to the witness stating what he had heard, and also to the
question. This objection was sustained, and we think
rightly sustained, for the testimony excluded was clearly
hearsay and irrelevant.

Tenth Exception.—The traversers offered to prove cer-
tain facts tending to show the truth of the libellous mat-
ter, and the Court excluded the evidence so offered. But
the witness before leaving the stand, disclaimed being
able to testify to the facts which traversers' counsel
offered to prove by him.

We do not see, therefore, that any injury was done by
this ruling of the Court.

Eleventh Exception.—The traversers offered proof rela-
tive to the charge of theft, and it went before the jury
as offered. They then proposed to offer in evidence the
report of the committee of investigation, made to the
Board of Directors, and the action of the Board thereon.
But the report which is the evidence offered, is not set
out in the bill of exception, and it will therefore be pre-
sumed that it was properly rejected. *Gent vs. Lynch,* 23
*Md.,* 58.

The twelfth and last exception presents a question of
practice, namely, whether certain testimony offered by
the State in reply to the case made by the traversers in
their defence is properly testimony in rebuttal.

It was for the State to prove the allegation of the in-
dictment on which it relied, and to produce all its evidence
upon the issue on trial, and then the traversers were
entitled to put in all their evidence. In reply the State,

according to the settled rule, would be restrained "to such new points and questions as may be first opened by the defendant's evidence." 1 *Greenleaf on Evidence*, 467 a., (12 *Ed.*,); *Bannon vs. Warfield*, 42 *Md.*, 39.

And we held in the case last named that "the entire question, as to the mere order of proof, and under what circumstances evidence should be admitted or rejected when offered out of the proper order," in the absence of any rule of Court upon the subject, is in the discretion of the trial Judge, "as the tribunal best qualified to judge what the justice of the case may require in these respects; and hence from the rulings on such questions no appeal will lie."

But if the question were properly before us, we should have no hesitation in saying that the testimony set forth in this bill of exception, tending to disprove the evidence which was offered by the traversers to establish the truth of the charge of larceny, was properly admitted in rebuttal, and for the reason given by the learned Judge below, and set out in the bill of exception, namely, that the evidence in chief of the State, with the exception of the admissions as to publication, "was only offered on the point of identification, and the State's attorney had expressly so stated at the time the evidence was offered."

Finding no error in the rulings appealed from, they will be affirmed.

*Rulings affirmed, and*
*cause remanded.*