STATE OF MARYLAND *v.* ALGIE P. GREGG.
[No. 23, October Term, 1932.]

*Decided November 30th, 1932.*

The cause was submitted on briefs to Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*William Preston Lane, Jr., Attorney General, G. C. A. Anderson, Assistant Attorney General,* and *Stedman Prescott, State's Attorney for Montgomery County,* for the State.

*John E. Oxley* and *E. Austin James,* for the appellee.

Adkins, J., delivered the opinion of the Court.

Algie P. Gregg, the appellee, was indicted by the grand jury of Montgomery County for malicious destruction of property, entering premises with intent to maliciously destroy property thereon, and on two charges of arson. There are four counts in the indictment, to the first and second of which a demurrer was interposed. On the suggestion of defendant the case was removed to Frederick County. The docket entries of that court show that "traverser demurs to 1st and 2nd Counts of Indictment; demurrer heard before Court * * * Demurrer sustained as to 1st and 2nd counts of indictment"; that the case was then continued, and traverser released on bail; and a few days later "prayer of Appeal to Court of Appeals of Maryland on demurrer, filed by State's Attorney."

The appeal was prematurely taken and must therefore be dismissed. There was no judgment on the demurrer. It is said in 12 *Standard Cyclopedia of Procedure,* p. 689: "The State may appeal from an order sustaining a demurrer to an indictment on information * * * but the appeal cannot be allowed if after sustaining a demurrer to one or more counts one good count remains." And in *State v. Floto,* 81 Md. 600, 602, 32 A. 315, 316: "Appeals in criminal cases are upon the same footing as appeals in civil cases, and in neither case can an appeal be taken until after final judgment." See, also, *Ridgely v. State,* 75 Md. 510, 23 A. 1099; *State v. Tag,* 100 Md. 588, 60 A. 465; *Cochran v. State,* 119 Md. 539, 558, 87 A. 400.

*Appeal dismissed.*