## STATE OF MARYLAND *v.* GIBSON

[No. 321, September Term, 1968.]

*Decided June 30, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN and SMITH, JJ.

*L. Robert Evans, Deputy State's Attorney for Baltimore County,* with whom were *Francis B. Burch, Attorney General, Robert A. DiCicco, Assistant Attorney General,* and *Samuel A. Green, Jr., State's Attorney for Baltimore County,* on the brief, for appellant.

*Donald J. Gilmore,* with whom was *Richard D. Byrd* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The State indicted Michael Dana Gibson in five counts for causing the death of Diana Grempler by the unlawful operation of a motor vehicle. The State's attorney for Baltimore County seemingly feared he could not prove gross negligence for in the first four counts he sought to charge involuntary manslaughter by automobile solely by reason of a violation of law without alleging gross negligence. The first count charged that the death resulted from Gibson's failure to stop in obedience to a stop sign, the second that it resulted from his reckless driving, the third as a result of his driving under the influence of alcohol, and the fourth as a direct result of Gibson's possession, he being under twenty-one, of an alcoholic beverage on a public highway. Each count concluded with the words "(Common Law — Misdemeanor

Manslaughter)." The fifth count was brought under Code (1967 Repl. Vol.), Art. 27, § 388, for that Gibson, while operating an automobile unlawfully "in a grossly negligent" manner, did kill Miss Grempler.

Judge Menchine, in granting a motion to dismiss the first four counts, rejected the State's contention that if an unlawful act, regardless of its nature or character, causes death, the perpetrator is guilty of involuntary manslaughter and held that none of those counts legally charged a crime. The Court of Special Appeals affirmed on the ground that the legislature in enacting Ch. 414 of the Laws of 1941, Code (1967 Repl. Vol.), Art. 27, § 388, entitled "Manslaughter by Automobile * * *," intended to encompass the entire field of unintentional criminal homicides resulting from the operation of a motor vehicle so that the common law crime of involuntary manslaughter (whatever are its scope and limits) when based on occurrences of that type is controlled and governed exclusively by the statute. Since the matter was of public importance in the administration of the criminal law, we granted certiorari.

We have carefully reviewed and considered the record and the law and have concluded that the result reached by the Court of Special Appeals was correct for the reasons given in the careful and thorough opinion of Chief Judge Murphy of the Court, in *State v. Gibson*, 4 Md. App. 236, which we approve.

*Judgment affirmed, costs to be paid by Baltimore County.*