**Henry LOPEZ, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4913.**

Supreme Court of Wyoming.

Nov. 3, 1978.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie and Dean P. Grossenbach, Senior Law Student, for appellant.

John J. Rooney, Acting Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Allen C. Johnson, Asst. Atty. Gen., Kurt Kelly, Senior Law Student, Prosecution Assistance Program, Steve Avery, Deputy County Atty., Fremont County, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

The sole question in this case is whether death to another resulting from drunken driving of the person charged when guilt is established is manslaughter as defined by § 6–4–107, W.S.1977 [1] or negligent homicide as defined by § 31–5–1115, W.S.1977.[2] We will hold it to be negligent homicide and set aside any authority derived from this court which suggests to the contrary.

The defendant-appellant was charged by information in the district court alleging that he:

"* * * on the 22nd day of September, 1976, in Fremont County, Wyoming, did unlawfully and involuntarily kill a human being, to-wit: John Phillip Lattman, without malice, expressed or implied, during the commission of the unlawful act of driving a vehicle while under the influence of intoxicating liquor, to a degree which rendered him incapable of safely driving a motor vehicle, such facts constituting a violation of § 6–58, W.S.1957 [§ 6–4–107, W.S.1977], . . ." (Bracketed material supplied.)

The defendant originally entered a plea of not guilty but later moved for an order of the trial court granting him permission to change his plea to guilty, the defendant reserving the right to appeal the question here, to this court:

"Does the Wyoming Negligent Homicide Statute, Wyoming Statute 31–232, 1957, impliedly repeal that portion of the Wyoming Manslaughter Statute, Wyoming Statute 6–58, 1957, which makes it a crime to involuntarily kill a human being, without malice, expressed or implied, during the commission of some unlawful act, that unlawful act being the

1. § 6–4–107, W.S.1977:
"Whoever unlawfully kills any human being without malice, expressed or implied, either voluntarily, upon a sudden heat of passion, or involuntarily, but in the commission of some unlawful act, or by any culpable neglect or criminal carelessness, is guilty of manslaughter, and shall be imprisoned in the penitentiary not more than twenty (20) years." (Session Laws, Wyo.Terr., Ch. 73, § 17.)

2. § 31–5–1115, W.S.1977:
"(a) When the death of any person ensues within one (1) year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others,

the person so operating such vehicle shall be guilty of negligent homicide.
"(b) Any person convicted of negligent homicide shall be punished by imprisonment for not more than one (1) year or by fine of not more than one thousand dollars ($1,000.00), or by both such fine and imprisonment.
"(c) The director shall revoke the license or permit to drive and any nonresident operating privilege of any person convicted of negligent homicide." (Session Laws, Wyo. 1939, Ch. 126, § 24; Session Laws, Wyo. 1955, Ch. 225, § 34, "superintendent" changed to "director".)

driving of a motor vehicle while under the influence of intoxicating liquor to a degree which renders one incapable of safely driving a motor vehicle."

Before considering defendant's motion for change of plea, the trial judge at a hearing, in the presence of the defendant, heard argument and considered defendant's reservation of the question of whether the offense charged was manslaughter or negligent homicide as one for the district court first and then as one for the supreme court. He held that, as a matter of law, the negligent homicide statute did not by implication repeal that part of the manslaughter statute, "having to do with the unlawful act portion" as it relates to death caused by motor vehicles.[3]

After being fully advised in open court of the charges against him, his constitutional rights and the full consequences of guilt, the trial court permitted withdrawal of the not guilty plea and entry of a guilty plea to manslaughter. The defendant fully established a basis in fact that he was intoxicated from consuming an inordinate quantity of alcohol. The facts presented to the trial judge established that the alcohol content of defendant's blood was 0.19%—0.22%.[4] While in that condition, the defendant admitted and it was shown he drove his vehicle in downtown Riverton, failed to make a turn, drove onto a sidewalk, struck a person, killing him and then caved in a brick wall of the Eagles Club building. The trial judge accepted the plea of guilty after finding it voluntarily made and having factual basis. After receiving a presentence report from the Wyoming Department of Probation and Parole, at the ordered time, the defendant was regularly sentenced to a term in the Wyoming State Penitentiary of not less than three nor more than six years.

There is then before us a case in which the defendant has admitted the allegations of fact contained in the information which would constitute a violation of the manslaughter statute or the negligent homicide statute. While the proceeding for eventually getting the case to us on appeal may seem unusual in the light of defendant's admissions, the situation is no different at this stage than if he had gone to trial following the overruling of an objection to the information on the ground that it charged a violation of the negligent homicide statute, rather than a violation of the manslaughter statute, then forced a trial to a verdict of guilty. We are more accustomed to receiving cases in the latter posture. Any defense or objection capable of determination without trial of the general issue must be raised before trial by motion. Rule 16(b), W.R.Cr.P. That was done here, through the wise judgment of the trial judge.

The defendant, following sentencing, renewed what we will consider an objection to the sentence on the ground that the facts charged in the information constitute only a violation of the negligent homicide statute. The issue is properly before us.

This court has struggled with the issue for many years. *Bartlett v. State,* Wyo. 1977, 569 P.2d 1235; *Thomas v. State,* Wyo. 1977, 562 P.2d 1287; *State v. Rideout,* Wyo. 1969, 450 P.2d 452; *State v. Wilson,* 1956, 76 Wyo. 297, 301 P.2d 1056; *State v. Cantrell,* 1947, 64 Wyo. 132, 186 P.2d 539; and, *State v. McComb,* 1925, 33 Wyo. 346, 239 P. 526, 41 A.L.R. 717. The legislature has repeatedly been implored by this court over

---

**3.** The trial judge wound up his conclusion with:

"In other words, I'm finding that that statute, the manslaughter statute as it relates to death by a motor vehicle may be commited [sic] in the commission of some unlawful act if the unlawful act is malum in se or if the unlawful act is merely malum prohibitum provided that such is the cause of death which is the question you have raised in your motion, and the Court overrules that motion.

"The Court does so, so the record is clear, that that question has been raised in the District Court and it has been ruled on in the District Court so as not to prevent, at least procedurally, that motion from being raised in the Supreme Court."

**4.** 0.10% or more by weight of alcohol in a person's blood creates a presumption that the person was under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle. § 31–5–233(b)(iii), W.S.1977.

the last four decades to clarify its intent, without response. We must now make a clear-cut cleavage between manslaughter and negligent homicide to banish obscuration. If the legislature desires any result other than the one we reach, it must take steps through its legislative processes.

We are now satisfied that the keystone is found in the design of *Thomas v. State,* supra at page 1290, holding that when statutes provide different punishments for identical acts, they are repugnant and inconsistent and the later one supersedes the earlier one. The later case of *Bartlett v. State,* supra at page 1239, carried forward the concept that conduct that will satisfy the higher degree of negligence is essentially equivalent to that required for vehicular homicide conviction.

The inconsistencies that can and do arise from any other result than confining vehicular homicides to the negligent homicide statute were strikingly demonstrated by the example related by appellant's counsel during oral argument. Two individuals, one drunk, the other sober, drag race at dangerously high speeds down a busy street. One strikes and kills a pedestrian on the left side of their course; the other strikes and kills a pedestrian on the right side. If we follow the past pattern of the court, one is guilty of manslaughter, the other is guilty of the lesser crime of negligent homicide.

In order to level out and bring order to a chaotic state of the law, we hold that all vehicular homicides, short of murder and voluntary manslaughter, are prosecutable exclusively as a violation of § 31–5–1115, W.S.1977. We overrule all decisions of this court to the contrary. This holding is effective as to all cases to which applicable now pending and which may arise in the future.

Remanded for resentencing.

ROSE, Justice, specially concurring, with whom McCLINTOCK, Justice, joins.

I agree with the result reached by the majority, but I cannot subscribe to the lack of judicial analysis in this case. We have, indeed, traveled a difficult path in this area, but we must not divest ourselves of the problems of the vehicular-homicide-involuntary-manslaughter controversy without good cause. The question addressed by the majority is virtually identical to the issue raised in *State v. Cantrell,* 64 Wyo. 132, 186 P.2d 539 (1947). In *Cantrell,* this court reached a decision directly opposite that which is issued today. If we are to overrule past precedent, then we should at least endeavor to say why we were previously in error. Only in this way can the court's process of reasoning continue to be a shield against arbitrary decision-making.

In *Thomas v. State,* Wyo., 562 P.2d 1287 (1977), we held that the "culpable neglect or criminal carelessness" portion of the manslaughter statute had been impliedly repealed by the vehicular-homicide statute. In *Bartlett v. State,* Wyo., 569 P.2d 1235 (1977), we went a step further and held that the "unlawful act" portion of the manslaughter statute, as applied to a charge of involuntary manslaughter arising from the operation of a motor vehicle in excess of the posted speed limit, had also been impliedly repealed. In the Bartlett case, the State urged that *State v. Cantrell,* supra, had already decided the question. We found, however, that Cantrell dealt only with a particular factual circumstance under which some courts had found no legislative intent of an implied repeal. That circumstance had to do with unlawful acts commonly characterized as *mala in se,* or wrong in and of themselves. Driving while under the influence of intoxicants traditionally fell within that category. Now that we are able to reconsider the proper placement of such acts within the vehicular-homicide-manslaughter scheme, it is my opinion that the legislature could not have intended that a prosecution for a vehicular death should be based on the *malum in se—malum prohibitum* distinction.

The error in the reasoning implicit in *State v. Cantrell,* supra, is the assumption that since there need be no proof of criminal intent, where vehicular homicides occur in the commission of an unlawful act *mala in se,* a manslaughter prosecution is proper. The obverse of this assumption was carried

forward in *Bartlett v. State,* supra, to illustrate that in cases, involving acts *malum prohibitum,* where proof of criminal negligence is necessary, the distinctions between manslaughter and vehicular homicide disappear. Now that we can directly confront the only remaining possibility of overlap between the two statutes, that being unlawful acts *mala in se,* it is apparent that there is likewise no distinction. Within the category of unlawful acts *mala in se,* at least within the motor vehicle context, it is presupposed that there is proof of the basic elements of negligence and reckless disregard for the safety of others. *Bartlett v. State,* supra. Whether an additional showing amounting to criminal negligence is required, as is true with unlawful acts, *malum prohibitum,* or whether criminal negligence is presupposed from the mere commission of an unlawful act *mala in se,* the end result is the same. See, *State v. Gibson,* 4 Md.App. 236, 242 A.2d 575, 581, affirmed 254 Md. 399, 254 A.2d 691 (1968); and *Blackwell v. State,* 34 Md.App. 547, 369 A.2d 153 (1977).

The result in both instances is a conviction for an offense essentially based on a reckless disregard for the safety of others. In Wyoming, that offense is vehicular homicide. See *Thomas v. State,* supra; and *Bartlett v. State,* supra. When the legislature enacted the vehicular homicide statute, it must, therefore, have intended to deal with the entire subject matter of unintended homicides resulting from the operation of a motor vehicle. If the legislature wishes to recognize graduations within the vehicular homicide statutes, there are means by which this goal can be achieved. See, generally, Note, 13 Land & Water L.Rev. 595, 609–611 (1978). It is not the function of this court, however, to enter a field so fraught with policy decisions.