**William GRUBBS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 83-53.**

Supreme Court of Wyoming.

Sept. 22, 1983.

Robert W. Costin, Laramie, signed the brief on behalf of appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Tom Maurer, Legal Intern, signed the brief on behalf of appellee.

Before ROONEY, C.J., THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

Appellant was found guilty after a jury trial of four counts of burglary in violation of § 6-7-201, W.S.1977, two counts of grand larceny in violation of § 6-7-301, W.S.1977, and with being a habitual criminal pursuant to § 6-1-109, W.S.1977. On April 8, 1982, appellant moved for a peremptory disqualification of the district court judge under Rule 23(d), W.R.Cr.P.[1] The motion was denied.

The only issue on this appeal is whether or not the motion for peremptory

---

1. Rule 23(d) has been vacated but was in effect at all times pertinent to this case. It provided:

disqualification was properly denied; the threshold question being whether the motion was timely made. In *Smith v. State,* Wyo., 598 P.2d 1389, 1391 (1979), we said:

" * * * We find nothing in Rule 23(d) indicating any authority to disqualify a trial judge from fully winding up a case once the time periods prescribed by the rule for a peremptory challenge have passed; * * *

" * * * Rule 23(d), W.R.Cr.P., is intended to be used only prior to trial in accordance with the time frames specified in the rule. * * *"

Thus, if a motion for peremptory disqualification of a judge brought under Rule 23(d) is not made in time, it must be denied.

■ On March 1, 1982, appellant filed a Motion for the Suppression of Evidence. On March 19, 1982, he moved the district court, purportedly under Rule 16.1, W.R. Cr.P.,[2] for an order requiring the state to elect to proceed under only one count of the first six counts, and dismissing count seven, which dealt with the habitual criminal designation. These motions were set for hearing on April 8, 1982. At the hearing, the Motion for Suppression of the Evidence was withdrawn and the court denied appellant's other motion, which it deemed to have been brought under Rule 16, W.R.Cr.P.[3]

We agree with the trial court's determination that appellant's motion, to require the state to proceed with only one of the first six counts and to dismiss the seventh count, more properly falls under Rule 16, which applies to pleadings and motions before trial.

Appellant's motion for the peremptory disqualification of the district court judge was not made until April 8, 1982, the date of the hearing. Thus, it was not filed fifteen days before the time set for the hearing of the Rule 16 motion as required by Rule 23(d). Since it was not timely filed, it was properly refused by the district court judge.

Affirmed.

"The state or the defendant may peremptorily disqualify a district judge by filing a motion for change of judge. Such motion shall be filed at least fifteen (15) days before the date set for the hearing on any motion filed pursuant to Rule 16, W.R.Cr.P., or if there be no such motion hearing set, at least fifteen (15) days before the date set for pretrial, and if there be no pretrial set, then at least fifteen (15) days before the date set for trial, or if the date is set within fifteen (15) days after the order of setting, within five (5) days after receipt of such order; provided, however, that no more than one (1) such motion shall be filed by the state or by any defendant. After the filing of such motion for change of judge, the presiding judge shall immediately call in another district judge to try the action."

2. Rule 16.1 deals exclusively with the state's attorney's right to demand written notice of the intention of the defendant to rely on an alibi.

3. More specifically, Rule 16(b)(2) refers to "[d]efenses and objections based on defects in the institution of the prosecution or in the indictment or the information other than that it fails to show jurisdiction in the court or to charge an offense * * *."

"* * * Any defense or objection capable of determination without trial of the general issue must be raised before trial by motion. Rule 16(b), W.R.Cr.P. * * *" *Lopez v. State,* Wyo., 586 P.2d 157, 159 (1978).

Appellant's motion was based on alleged defects in the complaint such that the state should not be allowed to proceed under all of the counts stated in the complaint, and it was capable of determination without trial.