471 A.2d 1055

Johnny Clayton JONES

v.

STATE of Maryland.

No. 60, Sept. Term, 1982.

Court of Appeals of Maryland.

March 8, 1984.

George F. Paxton, Bethesda (Katherine Karker-Jennings and Lerch, Early & Roseman, Chartered, Bethesda, on brief), for appellant.

Ann E. Singleton, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ., and W. ALBERT MEN-CHINE, Retired, Specially Assigned Judge.

COLE, Judge.

We granted certiorari in this case to address the question of when the circuit courts of this State have subject matter jurisdiction to try an accused for a crime when one or more, but not all, of the essential elements of that crime are committed in Maryland. We shall not be able to resolve this issue, however, because the State did not appeal from a final judgment. We recite the facts stipulated by the parties.

Jones accosted the victim as she was emerging from her parked car in a parking lot in Montgomery County, intending to go to her place of employment. This parking lot is within one-quarter of a mile of the District of Columbia line. He forced her back into her car, struck her, tied her hands with his sweater, forced her head down on the floor of the car and drove the car away.

After driving awhile, Jones stopped and held a windshield ice scraper against the victim's leg and said: "You know what kind of damage I can do with this, what kind of damage I can do?" Jones had been in the victim's car for

approximately ten minutes before making the threat.. It is not known whether or not this threat took place in Maryland or the District of Columbia. Jones began driving again and drove for approximately one-half hour before stopping the car in the District of Columbia at a public park. There he took the victim out of the car and forced her to submit to vaginal intercourse. He then drove the victim back to Maryland and exited the car near where he had originally abducted her. The victim called the police from her place of employment. Jones was subsequently apprehended and indicted in the Circuit Court for Montgomery County on charges of first degree rape, kidnapping, robbery, and assault and battery.

Jones made an oral motion to dismiss count one of the indictment charging first degree rape on the ground that neither Maryland statutory nor common law confers subject matter jurisdiction on the circuit court to try him for a crime committed beyond the State's territorial boundaries. He maintained that Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 465 [1] is a venue statute applicable among Maryland counties and Baltimore City and that under the common law a defendant cannot be prosecuted for the crime of rape committed in another jurisdiction particularly when, as in this case, the essential element of the crime, vaginal intercourse, occurred beyond the State's borders. The State maintained that the circuit court had jurisdiction either under the statute or at common law.

On May 4, 1981, the circuit court granted Jones' motion to dismiss whereupon Jones entered pleas of guilty to the remaining counts of the indictment. The court accepted the pleas and ordered a pre-sentence investigation. On June 2, 1981, the State filed its appeal specifically from the court's

---

1. Section 465 of Article 27 provides:
   If a person is transported by any means, with the intent to violate this subheading and the intent is followed by actual violation of this subheading, the defendant may be tried in the appropriate court within whose jurisdiction the county lies where the transportation was offered, solicited, begun, continued or ended.

ruling dismissing count one of the indictment. On June 12, 1981, the trial court imposed concurrent sentences on Jones on the remaining charges of kidnapping, robbery and assault and battery.

The Court of Special Appeals entertained the appeal and ruled that § 465 of Article 27 was a venue statute. That court also determined that Jones could be tried in Maryland for first degree rape under the common law. *State v. Jones,* 51 Md.App. 321, 443 A.2d 967 (1982).

The Court of Special Appeals derives its jurisdiction from the constitution, statutory provisions and rules. Maryland Rule 1012 a generally provides that appeals may be taken to the Court of Special Appeals within thirty days of the judgment appealed from. Ordinarily, such judgment must be final.

■ Recently we stated that a judgment is final which settles the rights of the parties and leaves nothing to be decided. *Warren v. State,* 281 Md. 179, 183, 377 A.2d 1169 (1977). Our cases have recognized that no appeal will lie from the entry of a verdict, *Eastgate Associates v. Apper,* 276 Md. 698, 701, 350 A.2d 661 (1976) (quoting *Montauk Corp. v. Seeds,* 215 Md. 491, 502, 138 A.2d 907 (1958)), and that ordinarily a criminal case is not complete and the case is not disposed of until sentence has been pronounced. *Langworthy v. State,* 284 Md. 588, 596, 399 A.2d 578 (1979).

■ Jones does not challenge this appeal as being premature. However, our cases have made clear that "[w]here appellate jurisdiction is lacking, the appellate court will dismiss the appeal *sua sponte." Eastgate Associates v. Apper, supra,* 276 Md. at 701, 350 A.2d 661 (citing *Diener Enterprises v. Miller,* 266 Md. 551, 555, 295 A.2d 470 (1972); *Tedrow v. Ford Motor Co.,* 260 Md. 142, 144, 271 A.2d 688 (1970)).

■ Under Maryland law the State's right to appeal in a criminal case is limited; it may do so only when authorized by statute. *See State v. Bailey,* 289 Md. 143, 147, 422 A.2d

1021 (1980). Maryland Code (1974, 1980 Repl.Vol., 1983 Cum.Supp.), § 12–302(c) of the Courts and Judicial Proceedings Article sets forth that authority. The provision with which we are concerned here is § 12–302(c)(1) which provides:

> (1) The State may appeal from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition.

■ In the instant case, the State appealed from the dismissal of the first count of the indictment, leaving three counts to be disposed of. At this point no sentence had been imposed and hence there was no final judgment. This Court found a similar situation in *State v. Gregg,* 163 Md. 353, 163 A. 119 (1932). There the trial court sustained a demurrer to two counts of a four-count indictment. The State appealed before judgment was entered on the demurrer. The Court concluded that the appeal was premature since other counts remained to be disposed of. *See also State v. Gibson,* 4 Md.App. 236, 240 n. 1, 242 A.2d 575 (1968), *aff'd,* 254 Md. 399, 254 A.2d 691 (1969) (noting that *Gregg* does not preclude an appeal from less than all counts of an indictment when the remaining counts are terminated by entry of a *nolle prosequi*).

In the case *sub judice,* no final judgment was entered until June 12, 1981, when the trial court imposed sentences on the remaining counts. The situation at this point was ripe for the State to appeal or to perfect its earlier attempt to appeal on June 2nd. The record reflects no further effort by the State.

Under these circumstances, the State's appeal was premature and we must vacate the judgment of the Court of Special Appeals and remand the case to that court with instructions to dismiss the appeal.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED AND CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE APPEAL.

MONTGOMERY COUNTY TO PAY THE COSTS.