649 A.2d 40

**Wade MENDES**

v.

**STATE of Maryland.**

**No. 313, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Oct. 31, 1994.

Certiorari Granted March 10, 1995.

Magdalena A. Bell (Steven D. Kupperberg, on the brief), Rockville, for appellant.

David P. Kennedy, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Thomas E. Hickman, State's Atty. for Carroll County, Westminster, on the brief), for appellee.

Argued before WILNER, C.J., and ALPERT and WENNER, JJ.

WILNER, Chief Judge.

This appeal hinges on a construction of Md. Rule 4–344, which implements the Review of Criminal Sentences Act (Md.Code art. 27, § 645JA–645JG) and sets forth the procedure for obtaining panel review in the circuit court of a criminal sentence exceeding two years of imprisonment.

Rule 4–344(a) provides, in relevant part, that an application for review of a sentence under the Act "shall be filed in the sentencing court within 30 days after the imposition of sentence or at a later time permitted by the Act." We are concerned here with the meaning of "imposition of sentence," as neither party contends that there is any "later time permitted by the Act." The issue is: When a defendant is convicted of two or more offenses but sentences are imposed on those offenses on different days, does the 30–day period with respect to the earlier sentence commence when that sentence is imposed or when the last sentence is imposed?

*Underlying Facts*

As the result of a fatal traffic accident, appellant was charged in the Circuit Court for Carroll County with six offenses, ranging from manslaughter by automobile to failure to keep to the right of center. On January 11, 1993, pursuant to a plea agreement, appellant pled guilty to Counts I and III of the indictment—manslaughter by automobile and driving while intoxicated, respectively—and the State *nol prossed* the remaining charges. Sentencing was set for April 19, 1993.

The plea agreement allowed the State to recommend a prison sentence on Count I not to exceed five years. The court was not bound by that recommendation, however, and, indeed, rejected it, sentencing appellant instead to ten years in

prison, to be followed by a five-year period of probation. The 10–year sentence was the maximum allowed by the Code and far exceeded the range established in the sentencing guidelines.[1] The court expressly deferred imposing sentence on Count III, "[i]n light of the Court's sentence on the First Count." Appellant did not object to that deferral.

On April 29, 1993, appellant filed a motion for reconsideration of the sentence, which the State answered. For whatever reason, no action was taken on the motion; no hearing was even scheduled. In July, 1993, defense counsel wrote to the judge, asking that he either set the motion for hearing or impose a sentence on Count III. Counsel complained that "I am unable to file any other post conviction proceedings, i.e., Motion to Modify Sentence by a three judge panel without a final sentence as to the remaining charge," although he expressed the hope that such a motion would prove unnecessary

---

**1.** Although appellant has made no complaint about this in any of his motions or applications, it appears on the face of the record that the sentence imposed on Count I was, at least in part, illegal.

Md.Code art. 27, § 388 provides a maximum sentence for manslaughter by automobile of 10 years in prison, a fine of $5,000 or both. Section 641A(a)(1) of art. 27 permits a court, upon entering a judgment of conviction, to "suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper." To impose a period of probation under that part of the statute, however, the court must suspend either the imposition or execution of sentence. Section 641A(a)(3), allowing what has commonly become known as the "split sentence," permits the court to "impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of 5 years." That provision also requires the court to suspend at least part of the sentence it has imposed in order to impose a period of probation.

Here, the court did not suspend any part of the prison sentence; nor did it purport to suspend imposition or execution of any fine. Accordingly, it appears to have acted in excess of its statutory authority when it added a five-year period of probation to the fully imposed and non-suspended prison sentence. As we have indicated, however, appellant has not chosen to complain about that aspect of the sentence, so it is not before us.

if the court granted his motion for reconsideration. Still, nothing transpired, and, on September 23, 1993, counsel wrote again to the judge, calling attention to the July letter and requesting some action.

In October, 1993, the court finally acted to schedule a hearing, which took place on December 6, 1993. At that hearing, the court, citing what it regarded as a number of aggravating factors with respect to the accident, denied the motion for reconsideration, whereupon counsel asked the court to impose sentence on Count III so that he could request a panel review of the sentence on Count I. The court obliged, imposing a sentence of one year, concurrent with the 10–year sentence on Count I and "backdated" to April 19, 1993.[2]

On December 22, 1993, appellant filed an application under Md. Rule 4–344 for review of the 10–year sentence by a three-judge panel. That application, filed by defense counsel, was not signed by appellant, however, and did not include the statements required by Rule 4–344(b),[3] omissions that were corrected on January 4, 1994, when another "Application for Review of Sentence," signed by appellant and containing the language required by the Rule, was filed. This second application sought review of both sentences.

---

**2.** Another "glitch" apparent in the record is the docket entry for December 9, 1993, which shows the one-year sentence imposed on Count III as being consecutive, rather than concurrent. The judge was quite specific in announcing from the bench that the sentence on Count III was to be concurrent. Unless we are misreading the docket entry, it may need to be corrected. It does not appear from the record that any claim was ever made that the conviction on Count III merged with that on Count I. We note that the manslaughter conviction was under art. 27, § 388, and not under § 388A (homicide by automobile while intoxicated).

**3.** Rule 4–344(b) provides that an application

On February 4, 1994, the circuit administrative judge denied the application(s) on the grounds that (1) as the sentence for the conviction of automobile manslaughter was imposed on April 19, 1993, the application for review of that sentence was not timely, and (2) the one-year sentence for driving while intoxicated is not subject to panel review under the Rule. On March 4, 1994, appellant filed, in order, a motion for reconsideration of the denial of his application for sentence review and an appeal from that denial. In his motion for reconsideration, appellant made the same claim now made before us—that the time for filing an application for panel review does not commence until the final sentence is imposed. In April, the court denied the motion for reconsideration; hence, the pressing of this appeal.

### Discussion

Appellant maintains that, when a defendant is convicted of multiple offenses and is sentenced for those offenses at different times, he is not entitled to seek panel review under Rule 4–344 until the final sentence is imposed. He likens sentence review under the rule to an appeal and insists that, as an appeal can be taken only from a final judgment, as a judgment

---

"shall be signed by the defendant and shall be substantially in the following form:

I hereby apply for review of the sentence imposed on me on ... I understand that a review of my sentence may result in the imposition of any sentence allowable by law for the offense, including an increased sentence (unless the maximum has already been imposed), a decreased sentence, a different sentence, or no change in sentence. I understand that I may withdraw this application at any time before receiving notice of a hearing and thereafter only with permission of the Review Panel. I also understand that I may not withdraw my application after the Review Panel renders a decision.

My sentence should be changed for the following reasons: (the reasons for the change should be stated)."

is not final until all claims are resolved, and as a criminal claim resulting in a conviction is not finally resolved until sentence is imposed on the conviction, the judgment on Count I was incomplete and not final until judgment, *i.e.,* sentence, was entered on Count III.

We observe, initially, that, although we know of no rule or statute requiring that the court impose sentences on all convictions obtained at a single trial at the same time, it is certainly the better practice to do so. Indeed, it would seem that only an extraordinary circumstance would justify piecemeal sentencing—declaring a mistrial or granting a new trial on one or more counts, for example, which effectively nullifies any convictions on those counts, or where the flagship conviction is subject to the death penalty and, for whatever reason, that sentencing proceeding is delayed. If for no other reason, contemporaneous sentencing avoids the problem created here.

At least one Federal court has adopted a view similar to that argued by appellant. In *In re U.S.,* 898 F.2d 1485 (11th Cir.1990), a defendant was convicted of five counts of bank robbery but sentenced on only one. A year later, the court dismissed the remaining counts. Within 120 days after those dismissals, the defendant moved, pursuant to Fed.R.Crim.P. 35(b), for a reduction of his one sentence. Rule 35(b) allows such a motion to be made within 120 days "after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal." The court granted the motion, and when it also denied the Government's motion for reconsideration based on a lack of jurisdiction in the court to consider the defendant's motion, the Government petitioned the appellate court for a writ of mandamus.

The Eleventh Circuit Court, in a *per curiam* opinion, denied the petition, holding that, under the rule, "sentence is imposed when the sentencing order is an appealable final judgment." The Court continued, at 1487:

"To reach a different conclusion, we would have to hold that there may be times when a sentence is imposed, a defendant

is incarcerated, and the defendant *must* file his Rule 35(b) motion *before* he may appeal his sentence. This we cannot do: the rule allows a defendant to file his motion *after* the district court's judgment has been affirmed on appeal. Thus, sentence is imposed for the purposes of Rule 35(b) when the sentencing order constitutes a final, appealable order.

.   .   .   .   .

In the context of sentencing orders, our predecessor circuit [the Fifth Circuit] has held that, when a defendant is sentenced on fewer than all of the counts on which the defendant is convicted, the order is not final for purposes of appeal.... Only when the defendant is sentenced on all counts on which he is convicted (or when the convictions on the other counts are otherwise disposed of) does the order become final and appealable."

In a footnote to that statement, the Court observed that it had previously adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. In another footnote, it asserted that

"[i]f we were writing on a clean slate, we might come to a different conclusion. An appealable order is one that finally and irreparably affects the rights of the parties, and, in our view, each count on which a defendant is convicted should constitute a separate case, which is brought to a conclusion by sentencing. We are not at liberty, however, to so hold."

Although he does not say so directly, the clear, necessary implication of appellant's argument, which appears to be the premise underlying the Eleventh Circuit case as well, is that a constructive counterpart to Md. Rule 2–602 exists with respect to criminal cases; *i.e.*, a multi-count indictment or information is regarded as one complaint and no judgment entered on any count is final until judgments are entered on all counts. At oral argument, appellant modified that argument somewhat, urging that the principle would apply only with respect to verdicts obtained at a single trial. Under this modified approach, the rule would not apply to counts upon which the jury

was unable to agree or as to which a mistrial or new trial was declared.

Either approach constitutes a pregnant proposition, the offspring of which could be quite troublesome. At the very least, it would either subject a defendant to incarceration on the imposed sentence without any immediate ability to challenge the conviction or sentence, by appeal or otherwise, or require that the sentence not be executed until it has become "final," thereby leaving the defendant effectively in a pre-trial status, notwithstanding that a verdict has been returned and a sentence imposed.

Fortunately, we need not reach that question. Review under Rule 4–344 is *not* like an appeal, and, whatever may be the law governing appeals in such situations, the Rule does not require a defendant to wait until imposition of the last sentence to seek review of an intervening sentence.[4] Except as allowed by some special statute or rule, or by the collateral order doctrine, an appeal will lie only from a final judgment;

---

4.  Although there is language in two decisions of the Court of Appeals that could be read as suggesting that an appeal would not lie until all charges are disposed of by acquittal or sentence, the Court has not, in our view, specifically decided this issue in an appeal by a defendant who was actually under a sentence. In *State v. Gregg*, 163 Md. 353, 163 A. 119 (1932) and *Jones v. State*, 298 Md. 634, 471 A.2d 1055 (1984), the defendant was charged with a variety of offenses, the trial court dismissed some but not all of the charges prior to trial, and the State attempted to appeal the order dismissing those charges. The Court of Appeals dismissed the appeals on the ground that they were premature, concluding in *Jones* that a final, appealable judgment was not entered until "the trial court imposed sentences on the remaining counts." *See also State v. Gibson*, 4 Md.App. 236, 240 n. 1, 242 A.2d 575 (1968), *aff'd*, 254 Md. 399, 254 A.2d 691 (1969).

   In *Fabian v. State*, 235 Md. 306, 201 A.2d 511 (1964), the defendant appealed his convictions on four counts, notwithstanding that sentences were imposed on only two of the counts. The Court allowed the appeal, but only after concluding that the failure to impose sentence on the remaining two counts "was tantamount to a suspension of sentence on those counts" and confirming an earlier holding that a suspension of sentence made the judgment final and appealable. *Id.* at 313, 201 A.2d 511; *see also Hechter v. State*, 94 Md. 429, 50 A. 1041 (1902). Here, of course, there is no basis for an inference that the court ever intended to suspend sentence on Count III.

the initial focus in an appeal, therefore, is on whether such a judgment exists. The 30–day period allowed under Rule 4–344 commences with the "imposition of sentence," not from when a "final judgment" is entered. We are not concerned, therefore, with whether a final judgment has been entered but only whether there has been an imposition of sentence. That is our sole focus.

In addressing this question, we shall first distinguish the situation under Rule 4–344 from that implicit under Fed. R.Crim.P. 35(b), and thus with the holding in *In re U.S.*, *supra*, 898 F.2d 1485. The Federal rule, as noted, expressly permits a motion for sentence review to be filed after an appeal has been decided, and, adopting the Fifth Circuit view that an appeal could not be filed until all sentences had been imposed, the court was concerned about the anomaly of construing the rule to require that the motion be filed before an appeal could even be noted when the text of the rule allowed the motion to be filed after an appeal had been decided. We do not have that dilemma. For one thing, Maryland has not, as yet, adopted the Fifth Circuit view as to when an appeal can be filed. For another, there is nothing in Rule 4–344 that allows an application to be filed after receipt of an appellate court mandate; absent an application based on an order revoking probation and directing execution of a previously suspended sentence, the time for filing an application for panel review commences exclusively from the imposition of sentence.

The availability of sentence review by a panel of circuit court judges was inaugurated in 1966 with the enactment of 1966 Md. Laws, ch. 288. That Act is now codified as Md.Code art. 27, §§ 645JA–645JG. The basic right is afforded in § 645JA(a), which provides, in relevant part, that

"every person convicted of a crime by any trial court in this State and sentenced to serve . . . a total of more than two years imprisonment in any penal or correctional institution in this State shall be entitled to have the sentence reviewed by a panel of three or more trial judges of the judicial circuit in which the sentencing court is located."

Although the Act contains some provisions of a procedural nature, the Legislature understood that the statute was procedurally incomplete, and, in § 645JG, it authorized the Court of Appeals to promulgate "[a]ppropriate rules of procedure ... to implement the provisions of this subtitle." The Court first did so, on an emergency basis, with the adoption of Rule 762 in 1966. In section b.2. of the new rule, the Court imposed a time limit on the filing of an application. That section read, as it essentially reads now, that "[a]n application for review of a sentence shall be made not later than thirty days after the imposition of sentence." Unlike the current rule, Rule 762 defined the term "imposition of sentence." Section a.3. defined it as "the passage of any order for which application for review is authorized by the Review of Criminal Sentences Act," a definition that is not particularly illuminating.

Whether for that reason or some other that we cannot ascertain from the minutes of the Rules Committee or the relevant (53rd) Report to the Court of Appeals, that definition was deleted in 1977 when the rules of criminal procedure were revised and Rule 762 was replaced by Rule 773, the immediate predecessor to Rule 4–344. We thus have no current expression in Rule 4–344 of what is meant by "imposition of sentence." We find guidance, however, in the case law construing that term in other, but apposite, contexts.

Md. Rule 4–344, as noted, was initially adopted in order to implement a specific statute allowing for panel review of criminal sentences. Rule 4–345 also provides for sentence review by the trial court. Section (b) of that rule gives the court revisory power over a sentence upon a motion filed within 90 days after "its imposition" but provides that the court may not increase a sentence after the sentence "has been imposed." In *State v. Sayre*, 314 Md. 559, 565, 552 A.2d 553 (1989), the Court equated the imposition of sentence with its pronouncement but declared that, for purposes of the prohibition against increasing a sentence once imposed, the imposition was complete "when the court indicates that the

particular case before it is terminated, as by calling, or directing the clerk to call, the next case."[5]

*Sayre* did not involve multiple convictions, but we agree with the State's postulation that the Court of Appeals would not likely have allowed the trial judge to convert Sayre's sentence from a concurrent one to a consecutive one even if there existed at the time another conviction for which sentence was not imposed until a later date. Under *Sayre* and under the amended rule, the Court has allowed a limited opportunity to correct an evident mispronouncement; it has, for that purpose alone, extended the duration of the "imposition" for a brief period beyond the conclusion of the immediate pronouncement until the defendant has left the courtroom. The limited nature of this extension, both in terms of time and circumstance, is wholly inconsistent with the expressed effect of Rule 2–602, or any doctrine akin to it, allowing the court total revisory power over partial judgments until all claims against all parties are resolved by judgment.

We believe that Rule 4–344 means exactly what it says—that the application must be filed within 30 days "after imposition of sentence." That means the imposition of the sentence sought to be reviewed, not the imposition of some other sentence. The application here, with respect to the sentence imposed on the manslaughter conviction, was not timely, and the administrative judge therefore did not err in rejecting it.

---

**5.** In *Sayre*, the sentencing judge first declared that the sentence in question was to be served concurrently with an existing sentence but, within a few moments, announced that he had misspoken and made the sentence consecutive. A bare majority of the Court (four judges) applied the rule strictly and disallowed the change, even though (1) the judge always intended the sentence to be consecutive and (2) the law required that it be consecutive in the particular circumstance. A three-judge dissent took no issue with the majority's holding as to when the sentence was imposed but urged that the judge have some flexibility to correct an obvious misstatement, especially when, to do otherwise, would cause the sentence to be illegal. Ultimately, the rule was amended to allow a judge to "correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding."

ORDER DENYING APPLICATION AFFIRMED; APPELLANT TO PAY THE COSTS.