**CONTINENTAL WESTERN INSURANCE COMPANY,**
Appellee,

v.

**Doris STENSTROM, Albert Stenstrom and Stenstrom Construction Company, Inc. Appellants,**

and

**Allstate Insurance Company, Defendant.**

No. 96–1043.

Court of Appeals of Iowa.

Jan. 28, 1998.

Gregory J. Siemann of Green and Siemann, Carroll, for appellants.

Frank J. Comito and Jeffrey R. Minnich of Neu, Minnich, Comito & Hall, P.C., Carroll, for appellee.

Heard by HUITINK, P.J., and VOGEL and MAHAN, JJ.

VOGEL, Judge.

Doris and Albert Stenstrom and Stenstrom Construction Company, Inc. ("Strenstroms") appeal the district court's declaratory judgment and summary judgment rulings denying their underinsured motorists ("UIM") claim under defendant corporation's insurance policy with plaintiff insurer, Continental Western Insurance Company ("Continental"), for injuries employee, Doris Stenstrom ("Doris"), received as a pedestrian. Because we find Doris was not covered under the company's UIM policy, we affirm both district court rulings.

***Background facts.*** Doris is both an employee and shareholder of Stenstrom Construction Company, Inc. On the day of the accident, Doris was supervising a road project for the company. She drove to the job site in a pickup owned by the company and provided for her use while on the job. After arriving at a job site and stepping out of and approximately twenty-five feet away from the pickup, she was struck by a passing motorist, Esther Kummerfeldt. Doris, with the consent of Continental, settled with Kummerfeldt for $25,000, Kummerfeldt's liability policy limit. The parties stipulated that Doris had damages in excess of $25,000.

***Scope of review.*** This declaratory judgment action was tried in equity in the district court. Accordingly, our review on this appeal is de novo. Iowa R.App. P. 4; *State ex rel. Attorney General of Iowa v. Terry,* 541 N.W.2d 882, 886 (Iowa 1995). Motions for summary judgment are reviewed for errors of law. Iowa R.App. P. 3; *Ciha v. Irons,* 509 N.W.2d 492, 493 (Iowa 1993).

***Continental policy coverage.*** Stenstrom Construction Company, Inc. was the named insured on a commercial insurance policy

issued by Continental providing both liability and underinsured motorist coverage. Continental's insurance policy provides general liability coverage as follows:

1. WHO IS AN INSURED?

The following are "insureds:"

    a. You for any covered "auto."

    b. Anyone else while *using* with your permission a covered "auto" you own, hire or borrow....

(Emphasis added.)

It is fundamental that one must be insured first under the general liability provision in order to be insured under "uninsured" and "underinsured" provisions. *Kats v. American Family Mut. Ins. Co.*, 490 N.W.2d 60, 62 (Iowa 1992).

Both Stenstroms and Continental agree "insured" means Stenstrom Construction Company. Doris maintains she is covered under this general liability section because she was "using" the pickup at the time she was struck. If we accept this premise, then, Doris argues that she must, by statute, be covered under the UIM policy.[1]

Stenstroms cite a variety of cases in support of their position that Doris was "using" the pickup at the time of the accident. The cases Stenstroms rely upon share the fact that the injured party was not in the vehicle at the time of the injury, but was held to be "using" the vehicle. These cases include: *Hartford Accident & Indemnity Co. v. Booker*, 140 Ga.App. 3, 230 S.E.2d 70 (1976) (holding sanitation service employee injured during job while thirty feet away collecting trash was an insured qualifying for uninsured coverage); *Rau v. Liberty Mut. Ins. Co.*, 21 Wash.App. 326, 585 P.2d 157 (1978) (upholding coverage for a truck driver who was injured when struck by uninsured motorist, twenty feet from his truck, while returning to his truck after asking for directions about where to deliver); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Olson*, 69 Haw. 559, 751 P.2d 666, 669 (1988) (holding ambulance driver's lighting of flare at scene of accident to guide traffic was covered).

While these cases, and the others cited by the Stenstroms, may appear applicable, they all contain a causal link between the vehicle and the use that is absent in Stenstrom's case. Doris was not doing anything connected with the operation of the pickup truck at the time she was struck. The pickup's only utility was to transport Doris to and from home, and between job sites. Once on the job site, Doris's "use" of the pickup ceased as she went about her supervisory duties. At the time she was injured, Doris was inspecting the operations of a machine in an area approximately twenty-five feet away from the pickup. Her job site duties were not related to the use of the pickup. She was not engaged in an act—here supervising removal of pavement from the job site—essential to the "use" of the covered vehicle at the time of her injury.

We decline Stenstrom's invitation to expand the word "using" the vehicle by merely suggesting Doris had not relinquished control of the vehicle to anyone else. That definition is overly broad and would give coverage to activities not contemplated under the terms of the policy.

Having carefully considered all arguments, we find under the terms of the policy Doris is not entitled to coverage under the general liability policy, and therefore not covered under the underinsured motorist provisions. We accordingly find the district court appropriately declared the insurance policy did not provide UIM coverage for Doris. We therefore affirm both the district court's declaratory judgment and summary judgment rulings.

**AFFIRMED.**

---

1. *See* Iowa Code § 516A.1 (stating anyone covered under the general liability provisions must be covered under the UIM provisions.)