666 A.2d 909

**STATE of Maryland**

v.

**Darryl Avery ROBINSON.**

**No. 7, Sept. Term, 1995.**

Court of Special Appeals of Maryland.

Nov. 3, 1995.

David N. Boynton, Special Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, David P. Kennedy and Ann N. Bosse, Assistant Attorneys General, Baltimore, and Andrew L. Sonner, State's Attorney for Montgomery County, Rockville, on the brief), for appellant.

Gina M. Serra, Assistant Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellee.

Argued Before MOYLAN, ALPERT * and BELL (ROSALYN B., Retired, Specially Assigned) JJ.

MOYLAN, Judge.

The appellee, Darryl Avery Robinson, was initially convicted on November 25, 1988 and sentenced on February 3, 1989 for various crimes, including assault with intent to maim. Following a convoluted series of proceedings, the details of which need not concern us, his case was remanded for resentencing. For present purposes, the critical resentencing occurred on May 10, 1990, at which time the appellee received a sentence of ten years for his conviction for assault with intent to maim.

On June 6, 1990, the appellee timely filed a motion for the modification of his sentence, along with various other motions. We are not concerned with what happened on those other motions.

Following a hearing on the motion to modify on December 23, 1994, Judge J. James McKenna modified the sentence by suspending the still-unserved portion of it and imposing a term of five years probation. The State has filed this appeal,

---

* Alpert, J., participated in the argument and decision in this case but retired from the court prior to the filing of the opinion.

challenging the authority of a trial judge to modify a sentence approximately 4½ years after it was imposed.

The State is correct that at common law a court had revisory power over its judgments, which would include a modification of sentence, only during the term of court in which the judgment was issued. *Ayre v. State*, 291 Md. 155, 159–60, 433 A.2d 1150, 1153 (1981); *State v. Butler*, 72 Md. 98, 100, 18 A. 1105 (1890). As Judge Delaplaine pointed out for the Court of Appeals in *Madison v. State*, 205 Md. 425, 433–34, 109 A.2d 96, 100 (1954), however, the rigidity of the former requirement was ameliorated by the promulgation, in 1951, of Rule 10(c) of the General Rules of Practice and Procedure, part 4:

> We held in 1950 in *Czaplinski v. Warden of Maryland Penitentiary*, 196 Md. 654, 663, 75 A.2d 766, 770, that it is beyond the power of a trial court to change a judgment in a criminal case after the term at which it was rendered.
>
> In 1952 we held in *Wilson v. Warden of Maryland Penitentiary*, 200 Md. 652, 89 A.2d 227, that a trial court has no power to strike out or reduce a sentence imposed upon a convicted defendant after it has become enrolled.
>
> The law of these cases has been modified by the rule of this Court which provides that in all criminal cases, except cases involving bastardy, desertion, and non-support, the court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of appeal. General Rules of Practice and Procedure, part 4, rule 10(c).

205 Md. at 433–34, 109 A.2d at 100. *Johnson v. State*, 274 Md. 29, 40, 333 A.2d 37, 42 (1975), pointed out that the purpose of the new rule was "to ameliorate the harshness of the former practice."

That first amelioration, in 1951, gave a sentencing judge a 90–day period within which to modify the sentence. It made no distinction between whether the judge was doing it *sua sponte* or pursuant to a motion filed by the defendant. The

90–day period, moreover, was not affected by the coincidental fact that during those 90 days one term of court might have terminated and another begun.

In 1961, the time period within which a judge could modify the sentence was significantly expanded. Maryland Rule 764(b) then provided:

> For a period of ninety (90) days after the imposition of a sentence ... *or thereafter pursuant to motion filed within such period,* the court shall have revisory power and control over the judgment.... After the expiration of such period, the court shall have such revisory power and control only in case of fraud, mistake or irregularity. (Emphasis supplied.)

The rule, as promulgated in 1961, gave the trial judge two available periods within which to modify a sentence. The judge retained the option, enjoyed since 1951, of modifying the sentence within 90 days even absent a motion from counsel. The additional time period within which to modify was triggered by a motion filed within 90 days. Once that triggering condition was satisfied, however, the time period itself within which the modification might occur was any time "thereafter." The term "thereafter" was open-ended and there is no other reading that can be given it.

Maryland Rule 4–345(b) now reads, in pertinent part:

> The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition.

As presently formulated, the Rule seems to have revoked the power of the court to modify a sentence, even within 90 days of imposition, on its own motion. That question, however, is not before us. The second and longer time period for modification, triggered by the filing of a motion within 90 days, no longer enjoys the presence of the word "thereafter" but is no less open-ended.

The State is asking us, in effect, to concoct an amalgam out of the Maryland Rule and the common law notion that a court only had revisory power within a "term of court." The State recognizes that the 90–day grace period within which to file a motion might extend from one term of court into the next.

The amalgam it suggests is that if a timely filing extends into a succeeding term of court, the time period within which the judge must modify the sentence would then continue until the end of that succeeding term.

The fossilized relic of the very concept of a "term of court" does not mix well with the spirit and intent of the modern Rules of Procedure. If a motion to modify were filed on the last day of a term, for instance, would the State's argument be that the judge must act on that motion by 5 P.M. or be forever precluded? If a motion to modify were filed on the first day of a term in a county having four terms per year, the judge would have, according to the State's argument, 89 days within which to modify. If, on the other hand, the motion to modify were filed on the first day of a term in a county having but two terms per year, the judge would have, according to the State's argument, 179 days within which to modify. Would there be an equal protection problem in that differential?

What the State is doing, moreover, is making a policy argument and asking us to draft what, in our judgment, might arguably be a good Maryland Rule. The drafting or the amending of the Maryland Rules, however, is beyond our authority. The State's argument should more properly be a proposal to the Rules Committee. Arguments about the impropriety of giving a sentencing judge an open-ended period within which to modify a sentence should also be made before the Rules Committee. So should the State's argument that an unlimited period within which a judge might modify a sentence constitutes, to some extent, a usurpation of the function of the Parole Board.

Unless and until the Rule is changed by the Court of Appeals, however, we can read into it no limitation on the period within which the judge may act, so long as the triggering condition of the filing of a motion within 90 days of the imposition of sentence has been satisfied. We see no error.

*JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.*