*State of Maryland v. John Schlick*, No. 63, September Term, 2018. Opinion by Greene, J.

**CRIMINAL PROCEDURE – MARYLAND RULE 4-345 – REVISORY POWER**

The Court of Appeals held that the circuit court erred in dismissing Respondent John Schlick's motion to modify his sentence on the ground that it lacked revisory power over his sentence. The Court determined that Mr. Schlick's sentence was originally imposed on September 15, 2008, so under Maryland Rule 4-345(e), the court retained revisory power over his sentence for five years therefrom. His counsel, however, was ineffective because she failed to file a motion for modification, despite Mr. Schlick's requests to do so. As a result, Mr. Schlick was granted postconviction relief to file a belated motion for modification. Implicit in the postconviction relief granted to Mr. Schlick is the circuit court's authority to exercise its revisory power over Mr. Schlick's sentence for five years following the postconviction court's final order, consistent with Rule 4-345(e). Given that postconviction relief was granted on March 20, 2013, the court retained revisory power over Mr. Schlick's sentence until March 20, 2018. As such, the circuit court erred in dismissing Mr. Schlick's motion prematurely.

Circuit Court for Baltimore City
Case No. 204299006
Argued: April 5, 2019

IN THE COURT OF APPEALS

OF MARYLAND

No. 63

September Term, 2018

_____

STATE OF MARYLAND

v.

JOHN SCHLICK

_____

Barbera, C.J.
*Greene,
McDonald,
Watts,
Hotten,
Getty,
Battaglia, Lynne A.,
    (Senior Judge, Specially Assigned),
               JJ.

_____

Opinion by Greene, J.

_____

Filed: August 23, 2019

*Greene, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Maryland Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

After the imposition of sentence, a criminal defendant has the right to seek modification of that sentence under Maryland Rule 4-345(e). In order to obtain review of his or her sentence, a defendant may file a motion seeking modification "within 90 days after imposition of a sentence." Md. Rule 4-345(e)(1). After a timely motion is filed, generally the trial court has revisory power over a defendant's sentence for five years "from the date the sentence originally was imposed[.]" Md. Rule 4-345(e)(1)(B).

Postconviction proceedings introduce an added complexity to the tenets of Maryland Rule 4-345(e). This Court has previously decided that when a defendant receives ineffective assistance of counsel and, consequently, loses his or her right to file a motion for modification of sentence, the defendant may be afforded the right to file a belated motion. *State v. Flansburg*, 345 Md. 694, 705, 694 A.2d 462, 468 (1997). This Court has not had occasion to decide how or whether such postconviction relief impacts a circuit court's revisory power over a defendant's sentence. The matter now before this Court concerns precisely that question. As such, we undertake to review the extent of a circuit court's revisory power over a sentence, where a defendant has been granted postconviction relief to file a belated motion for modification of sentence.

## FACTUAL & PROCEDURAL BACKGROUND

In 2005, Respondent John Schlick ("Mr. Schlick") pleaded guilty in the Circuit Court for Baltimore City to a narcotics offense.[1] On September 20, 2005, he was sentenced

---

[1] The sole matter before this Court concerns Mr. Schlick's sentence and specifically the trial court's revisory power over that sentence. Accordingly, the details underlying Mr. Schlick's conviction are not pertinent to our review. Therefore, we set forth only the chronology of events related to Mr. Schlick's sentencing.

to 16 years in prison, 14 years and six months of which were suspended, and he was to be placed on five years of probation upon his release. Mr. Schlick did not request that his sentence be modified or otherwise reviewed.

After his release on probation, Mr. Schlick was convicted of another crime. As a result, he was charged with violating the terms of his probation. On September 15, 2008, Mr. Schlick appeared before the Circuit Court for Baltimore City for a violation of probation hearing. At the violation of probation hearing, the court revoked Mr. Schlick's probation and sentenced him to 14 years and six months incarceration, thereby reimposing the suspended portion of Mr. Schlick's 2005 sentence for the narcotics offense. No motion was filed on Mr. Schlick's behalf to modify or otherwise review his sentence.

On August 31, 2012, with the assistance of counsel, Mr. Schlick filed a petition for postconviction relief, and on November 30, 2012 he supplemented the petition. Mr. Schlick argued that he received ineffective assistance of counsel because he had directed his lawyer from the 2008 violation of probation hearing to file a motion for reduction of sentence, but his lawyer failed to do so. Mr. Schlick's counsel from the 2008 hearing swore under oath in an affidavit that she failed to file the motion for modification as requested by Mr. Schlick. The postconviction court held a hearing on Mr. Schlick's petition on February 20, 2013. On March 20, 2013, the court ruled on the petition in Mr. Schlick's favor. The court concluded that Mr. Schlick received ineffective assistance of counsel and permitted Mr. Schlick to "file a belated [m]otion for [m]odification of [s]entence within ninety (90) days of the date of [its] order."

2

Mr. Schlick, with the assistance of counsel, filed a motion for modification in the Circuit Court for Baltimore City on May 24, 2013, which was within 90 days of the postconviction court's order. Six days later, on May 30, 2013, Mr. Schlick, acting without the assistance of counsel, filed a motion asking the court to hold his motion "in abeyance until a later date." In July 2013, Mr. Schlick sent a letter to the circuit court *pro se*, articulating some of the reasons he believed the court should reduce his sentence. On January 6, 2014, the court scheduled Mr. Schlick's motion for a hearing to be held on February 12, 2014. On January 30, 2014, Mr. Schlick filed a motion to postpone the hearing. The court granted Mr. Schlick's motion on January 31, 2014 and ordered that "[Mr. Schlick]'s [m]otion for [m]odification of [s]entence . . . continue to be held *sub curia* by the [c]ourt, until such time as [Mr. Schlick] requests a hearing."

On July 24, 2014, Mr. Schlick's counsel requested a hearing on his motion for modification. On January 15, 2015, the trial court granted Mr. Schlick's request and again set the matter for a hearing, which was to be held on March 6, 2015. The March 6, 2015 hearing was not held.[2] On October 15, 2015, Mr. Schlick's counsel again requested a hearing. On July 16, 2016, the court ordered that the matter be set for a hearing on October 17, 2016. On October 11, 2016, Mr. Schlick's counsel filed a motion requesting a continuance, with the State's consent, because Mr. Schlick was incarcerated outside of Maryland, and the Department of Corrections could not transport him in time for the

---

[2] It is not clear from the record why the March 6, 2015 hearing did not take place as scheduled.

hearing.  The circuit court granted the postponement and reset the hearing for January 10, 2017.

In December 2016, the circuit court issued an order to show cause.  Therein, the court explained that Mr. Schlick had been originally sentenced for purposes of Rule 4-345(e) when his probation was revoked on September 15, 2008.  Thus, on September 15, 2013, five years had passed from the date of his sentence.  The court directed the parties to address whether Mr. Schlick's motion should be dismissed on the grounds that, under Maryland Rule 4-345(e), the "five[-]year expiration date for w[hen] the [c]ourt can revise [Mr. Schlick]'s sentence" had expired.  At the hearing on January 10, 2017, the court heard arguments from the State's attorney and Mr. Schlick's counsel with regard to its revisory authority over Mr. Schlick's sentence and on the merits of his motion for modification.

On August 8, 2017, the circuit court dismissed Mr. Schlick's motion without ruling on the merits.  The court reasoned that Mr. Schlick's sentence was originally imposed on September 15, 2008, and its revisory power lapsed on September 15, 2013.  Accordingly, the court concluded that it "no longer ha[d] revisory power over [Mr. Schlick]'s sentence." In addition, the court pointed out that Mr. Schlick was granted postconviction relief and filed his belated motion in compliance with the postconviction court's order, but he did not obtain a hearing or ruling on the motion before September 15, 2013.  Therefore, the court concluded that Mr. Schlick's "inability to receive a sentence modification" was attributable to his own actions, not any "fault or error of the [c]ourt, nor ineffective assistance of counsel[.]"

4

Mr. Schlick noted a timely appeal to the Court of Special Appeals. *Schlick v. State*, 238 Md. App. 681, 194 A.3d 49 (2018). Our intermediate appellate court concluded that, despite the five-year limitation set forth in Rule 4-345(e), "the trial court retained fundamental jurisdiction to rule on the belated [m]otion for [m]odification of [s]entence." *Id.* at 690, 194 A.3d at 54. The court explained that "[t]here are any number of reasons it may be impossible or impractical for a judge to act promptly upon a motion for reduction of sentence filed with the court before the expiration of the five-year period[.]" *Id.* at 692, 194 A.3d at 55. For instance, a defendant may be granted permission to file a belated motion "toward the end of the original period of review." *Id.*

The court emphasized that, in Mr. Schlick's case, the trial court did not set Mr. Schlick's motion for a hearing "until after the expiration of five years from the imposition of the original sentence." *Id.* at 693, 194 A.3d at 55-56. The Court of Special Appeals explained that "[i]n a perfect world, a court should set the hearing within the five-year period," but it also recognized that "courts are busy." *Id.* at 693, 194 A.3d at 56. If a circuit court fails to set a hearing to consider the merits of a motion for modification within the five-year window, according to our intermediate appellate court, "the consequence should not be held against the defendant." *Id.* The Court of Special Appeals pointed out that after a defendant files a motion there is also an onus on the defendant and counsel "to make the best efforts" to have a hearing in a timely manner. *Id.* In summation, the court explained that "the court has [fundamental] jurisdiction over the motion, but it is within the discretion of the trial court to consider the totality of the circumstances and determine whether to hear the motion on its merits." *Id.* Therefore, the Court of Special Appeals vacated the

judgment of the circuit court and remanded the case to the circuit "court to consider whether to entertain the [motion] and to consider the merits of the motion." *Id.* at 693, 194 A.3d at 56.

On January 7, 2019, this Court granted the State's Petition for a Writ of Certiorari. We granted *certiorari* to answer the following question:

> Does a court lose revisory power over a criminal sentence "after the expiration of five years from the date the sentence originally was imposed," as Maryland Rule 4-345(e) states, or does the court instead indefinitely retain "fundamental jurisdiction" to revise a sentence, which it is an abuse of discretion not to consider exercising, as the Court of Special Appeals held below?

*State v. Schlick*, 462 Md. 261, 199 A.3d 693 (2019).

## STANDARD OF REVIEW

In the present case, we are tasked with interpreting Maryland Rule 4-345(e). It is well settled that an interpretation of Maryland Rule 4-345 is a question of law that is subject to *de novo* review. *See State v. Crawley*, 455 Md. 52, 66, 166 A.3d 132, 140 (2017).

## MARYLAND RULE 4-345(e)

Maryland Rule 4-345(e) governs a trial court's revisory power over sentences that it has imposed. Specifically, it sets forth the authority of and procedural requirements for a sentence to be revised by the trial court upon a defendant's motion. Relevant to the matter *sub judice*, Maryland Rule 4-345(e)(1) provides:

> Upon a motion filed within 90 days after imposition of a sentence . . . in a circuit court, whether or not an appeal has been filed, the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant and it may not increase the sentence.

6

The language of Maryland Rule 4-345(e) sets forth two critical time frames: (1) the defendant has *90 days after imposition of a sentence* to file a motion for modification; and (2) the trial court has revisory power over the defendant's sentence for *five years from the date the sentence originally was imposed*. Md. Rule 4-345(e)(1).

Of particular importance to the case before us is the five-year limitation on a trial court's revisory power, which is a relatively new addition to Rule 4-345(e). Prior to 1951, a court could revise a sentence only until the end of the term of court. *Bereska v. State*, 194 Md. App. 664, 680-81, 5 A.3d 750, 760 (2010). In 1951, this Court adopted Part 4, Rule 10(c) of the General Rules of Practice and Procedure, which allowed modification of sentences, either *sua sponte* or pursuant to a defendant's motion, within 90 days of the imposition of sentence. *State v. Robinson*, 106 Md. App. 720, 722-23, 666 A.2d 909, 910-11 (1995). In 1961, Part 4, Rule 10(c) was amended and renumbered as Maryland Rule 764(b). *Id.* The Rule continued to allow a trial court to reduce a sentence during the 90-day period after the imposition of sentence, even absent a motion. *Id.* at 723, 666 A.2d at 911. In addition, Maryland Rule 764(b) allowed a party to file a motion to revise a sentence within 90 days of the imposition of sentence, after which the court could modify the sentence "any time 'thereafter.'" *Id.*

In 1984, the modern Maryland Rules were adopted, and Maryland Rule 764(b) became Maryland Rule 4-345(b). Steven Grossman & Stephen Shapiro, *Judicial Modification of Sentences in Maryland*, 33 U. BALT. L. REV. 1, 6 n. 33 (2004). Rule 4-345(b) placed no time limit on the trial court's authority to revise a sentence upon a motion timely filed within 90 days of the imposition of sentence. *See Greco v. State*, 347 Md. 423,

7

435, 701 A.2d 419, 424-25 (1997) ("[T]he history of . . . Maryland [R]ule [4-345] supports the proposition that once a defendant files a motion for modification of a sentence within the mandatory 90 day period, the trial court does not lose the power to act on that motion when the court holds the motion *sub curia* for months, or even years."). It was not until 2004 that the provision was renumbered as Rule 4-345(e), and the five-year limit on a court's revisory power was adopted by this Court. *See Tshiwala v. State*, 424 Md. 612, 616 n. 2, 37 A.3d 308, 310 n. 2 (2012).

*Maryland Rule 4-345(e) and Postconviction Relief*

Under the Uniform Postconviction Procedure Act, a defendant may file one petition for postconviction relief "[f]or each trial or sentence[.]" Md. Code, Crim. Proc., § 7-103(a). The petition "may not be filed more than 10 years after the sentence was imposed." Md. Code, Crim. Proc., § 7-103(b). When a defendant receives ineffective assistance of counsel, he or she may be entitled to relief under the Act. *See generally Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). As a post-trial remedy, a defendant is entitled to the relief that is needed to put the defendant in the position that he or she would have enjoyed but for counsel's ineffectiveness. *See Williams v. State*, 326 Md. 367, 382-83, 605 A.2d 103, 110 (1992) (holding that the appropriate relief was that which would "place [the defendant] in the same position he [or she] would have been in but for the incompetence of his [or her] counsel.").

In *State v. Flansburg*, we held that defense counsel's failure to file a timely motion for modification, in contravention of a client's directive to do so, constituted "a ground for the postconviction remedy of permission to file a belated motion for reconsideration of

8

sentence." 345 Md. 694, 705, 694 A.2d 462, 468. The facts in *Flansburg* were not complex. On December 5, 1985, John Flansburg ("Mr. Flansburg") pleaded guilty to a second-degree sex offense and was sentenced to seven years' imprisonment with four years suspended and five years' probation upon release. *Id.* at 696, 694 A.2d at 463. While on probation in 1990, Mr. Flansburg was convicted of battery and second-degree murder. *Id.* A hearing was held on May 21, 1991 to review whether his probation should be revoked. *Id.* The court revoked Mr. Flansburg's probation and reimposed the three years of his sentence that had previously been suspended. *Id.* Subsequently, Mr. Flansburg made two timely written requests for his attorney to file a motion for modification.[3] *Id.* Notwithstanding his requests, Mr. Flansburg's counsel failed to file the motion. *Id.*

On February 5, 1994, Mr. Flansburg filed a petition for postconviction relief. *Id.* at 697, 694 A.2d at 463. He argued that his counsel's failure to file a motion for modification deprived him of his right to effective assistance of counsel. *Id.* The circuit court dismissed Mr. Flansburg's petition, concluding that the Maryland Post Conviction Procedure Act did not apply to his revocation of probation hearing. *Id.* at 697, 694 A.2d at 463-64. The Court of Special Appeals reversed the circuit court's ruling and concluded that Mr. Flansburg had the right to effective assistance of counsel at his revocation of probation hearing. *Id.*

---

[3] Mr. Flansburg requested that the motion be filed pursuant to Maryland Rule 4-345(b), which provided, in relevant part, that "[t]he court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition[.]" *State v. Flansburg*, 345 Md. 694, 697 n. 1, 694 A.2d 462, 463 n. 1 (1997). At the time *Flansburg* was decided, the five-year limit on a court's revisory power was not codified. *See id.* The court retained revisory power over a sentence indefinitely, so long as a timely motion for modification was filed. *See Greco v. State*, 347 Md. 423, 435, 701 A.2d 419, 424-25 (1997).

at 697, 694 A.2d at 464. We granted *certiorari* and, ultimately, affirmed the judgment of the Court of Special Appeals. *Id.* We held that "[t]he failure to follow a client's directions to file a motion [for modification of sentence] . . . is a ground for the postconviction remedy of permission to file a belated motion[.]" *Id.* at 705, 694 A.2d at 468.

*Flansburg* made clear that when a defendant directs his or her lawyer to file a motion to modify the sentence, the lawyer's failure to file a timely motion may constitute ineffective assistance of counsel. *Id.* To remedy counsel's ineffectiveness, the postconviction court may permit a defendant to file a belated motion for modification of sentence. *Id.* At the time that *Flansburg* was decided, the five-year limitation on a court's revisory power over a sentence did not exist. Thus, *Flansburg* leaves open the question of whether, or to what extent, a trial court's revisory power extends over a motion for modification that is filed pursuant to an order for postconviction relief.

## PARTIES' ARGUMENTS

The parties' contentions amount to a dispute over the interpretation of Maryland Rule 4-345(e), and the circuit court's power to modify Mr. Schlick's sentence. The State asserts that the circuit court lacked revisory power over Mr. Schlick's sentence and, thus, properly dismissed his motion. Mr. Schlick contends that the circuit court's power to rule on his motion for modification was implicit in the postconviction relief granted to him.

The State argues that the Court of Special Appeals erred in concluding that the circuit court retained fundamental jurisdiction over Mr. Schlick's motion because the five-year period in Rule 4-345(e) is mandatory. To support its position, the State cites to the plain text of Maryland Rule 4-345(e), which limits a circuit court's revisory power to "five

10

years from the date the sentence originally was imposed." Md. Rule 4-345(e)(1)(B). In

addition, the State posits that the Rule's history demonstrates that the five-year period was

deliberately enacted to limit the trial court's revisory power over sentences it has imposed.[4]

---

[4] The State also argues that this Court's caselaw, specifically *Cardinell v. State*, dictates that the time limits imposed by Rule 4-345(e) are mandatory. 335 Md. 381, 644 A.2d 11 (1994), *overruled on other grounds by State v. Green*, 367 Md. 61, 785 A.2d 1275 (2001). After oral arguments, on April 19, 2019, the State filed a Notice of Subsequent Authority with this Court. Therein, the State contends that in *Cardinell,* this Court held that the time limits specified in Rule 4-345(e) are "jurisdictional." *Id.* at 392-93, 644 A.2d at 16. Therefore, according to the State, a circuit court cannot exercise revisory power over a sentence, except as authorized by Maryland Rule 4-345(e).

The State's Notice also brought to this Court's attention our recent decision in *Rosales v. State*, 463 Md. 552, 206 A.3d 916 (2019). In *Rosales*, we differentiated between a "jurisdictional" rule and a "claim processing" rule. *Id.* at 567-68, 206 A.3d at 924-25. A "jurisdictional" rule is set forth by our State's legislature through the passage of a statute. *See id.* at 567, 206 A.3d at 924. A "claim processing" rule does not involve a time limit prescribed by the legislature. *See id.* For example, a court-made rule is a claim processing rule, and its purpose is "to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Id.*

According to the State, *Rosales* may have called *Cardinell* into question by suggesting that the time limits in the Rule are not jurisdictional requirements, but instead are claim-processing steps, because they are established by court rule and not by statute. Nonetheless, the State argues that the outcome of the present case does not hinge on the classification of Rule 4-345(e). If the rule is jurisdictional, in the State's view, this Court cannot expand the five-year limit therein. If the Rule is a claim-processing rule, according to the State, it is still mandatory, meaning that courts cannot disregard it or commit reversible error when they abide by it. Either way, the Rule's time prescriptions are mandatory.

In addition, the State contends in its Notice that whether Maryland Rule 4-345(e) is a "jurisdictional" or "claim processing" rule is immaterial because the Rule is unconstitutional. The Maryland Crime Victims' Resource Center, before this Court as *amicus curiae*, also argues that the Rule is unconstitutional. The State and *amicus* resurrect an argument that was first presented to this Court by the Honorable Dale R. Cathell in 2004 when the Rule was amended to include the five-year limitation. Judge Cathell argued that it is unconstitutional for the trial court to exercise revisory power over (continued . . .)

11

The State also contends that, even if the circuit court retained fundamental jurisdiction over Mr. Schlick's sentence, the court did not abuse its discretion by choosing to, instead, comply with Rule 4-345(e)'s unambiguous command that it not exercise its jurisdiction.

Moreover, the State argues that, as a matter of postconviction relief, Mr. Schlick was not entitled to a ruling on his motion more than five years after his sentence was originally imposed. The State acknowledges, however, that defendants may be granted postconviction relief to file a belated motion for modification. Under certain circumstances, the State agrees that a defendant may be granted the postconviction relief of belated consideration of a motion for modification, outside of the five-year window set forth in Maryland Rule 4-345(e).[5] In the present case, however, the State argues that Mr.

---

(. . . continued)
a sentence outside of the term of court. Furthermore, he asserted that judicial modifications of sentences violate the Separation of Powers doctrine, enumerated in Article 8 of the Declaration of Rights, and encroaches upon the Governor's pardoning power, enumerated in Article II, Section 20 of the Maryland Constitution.

In the case at bar, we do not expand or disregard the time frames set forth in Rule 4-345(e). Rather, we apply them to the present scenario, which arises in the postconviction context. Therefore, whether the Rule is properly classified as "jurisdictional" or "claim processing" is immaterial to our disposition of Mr. Schlick's case. Moreover, in 2004, when this Court adopted the five-year time limit set forth in Rule 4-345(e), we were not persuaded that the Rule was unconstitutional. We are, likewise, not persuaded to alter our discourse today. Furthermore, the United States Supreme Court has concluded that "[t]o reduce a sentence by amendment alters the terms of the judgment itself and is a judicial act as much as the imposition of the sentence in the first instance." *United States v. Benz*, 282 U.S. 304, 311, 51 S. Ct. 113, 115, 75 L. Ed. 354 (1931). As such, we conclude that Rule 4-345(e) is constitutional because modifying a sentence is a judicial act that does not violate the separation of powers doctrine nor usurp the Governor's power to pardon.

[5] The State admits that postconviction relief "would entitle a movant to a belated ruling on a motion for sentence reduction only where the postconviction court actually granted (continued . . .)

12

Schlick was not expressly or impliedly granted such a right. According to the State, Mr. Schlick's sentence was imposed on September 15, 2008, and he obtained postconviction relief to file a belated motion in March 2013. Therefore, he had six months to obtain a ruling on his motion *before* the circuit court's revisory power expired. During that time, the State contends that there was no impediment to Mr. Schlick seeking a hearing on his motion, and Mr. Schlick asked the court to hold his motion in abeyance. Thus, Mr. Schlick's entitlement to file a belated motion, the State asserts, did not automatically entitle him to a belated ruling on that motion. Finally, the State emphasizes that if Mr. Schlick is entitled to relief, it should be because he was granted postconviction relief to file a belated motion, not because the circuit court retains fundamental jurisdiction to reduce a sentence.

On the other hand, Mr. Schlick argues that Rule 4-345(e) does not divest a circuit court of its revisory power over a motion for modification that is filed pursuant to a postconviction court's ruling. Mr. Schlick contends that there is a tension between the five-year period during which a circuit court retains revisory power over a sentence and the ten-year period during which a defendant may obtain postconviction relief. This tension not only hamstrings defendants' postconviction rights, but, according to Mr. Schlick, it condones ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Mr. Schlick asserts that this tension may be assuaged by

_____

(. . . continued)
permission to obtain a belated ruling, either expressly or by necessary implication." For example, the State concedes that if a postconviction court granted a defendant the right to file a belated motion *after* the five-year period expired, the grant of relief would imply authorization to obtain a ruling on the motion.

13

permitting circuit courts to entertain a properly filed, belated motion for modification of sentence for a period of five years from the date on which the motion is filed.

In addition, Mr. Schlick contends that he was granted postconviction relief *after* the Rule's five-year deadline had elapsed. To that end, Mr. Schlick argues that his sentence was originally imposed, for purposes of Rule 4-345(e), on September 20, 2005 – not on September 15, 2008 – so the court's revisory power lapsed on September 20, 2010. Therefore, in Mr. Schlick's view, because he was not granted postconviction relief until March 20, 2013, the circuit court's ability to rule on his motion was implicit in the postconviction court's ruling granting him the right to file a belated motion. Moreover, Mr. Schlick points out that the State conceded that if a defendant was granted permission to file a belated motion *after* the five-year period had expired, then permission to rule on the motion outside of the five-year period would be implicit in the court's ruling. Finally, Mr. Schlick argues that to allow him to file a belated motion for modification, but not allow the circuit court to rule on that motion, would be an "empty remedy."

**DISCUSSION**

*The Imposition of Mr. Schlick's Sentence*

Before determining when the circuit court's revisory power ended, we analyze the prefatory issue of when the circuit court's revisory power began. The language of Rule 4-345(e) provides that the event triggering the start of the circuit court's revisory power is "the date the sentence originally was imposed on the defendant[.]" Md. Rule 4-345(e)(1)(B). For guidance on when Mr. Schlick's sentence was originally imposed and,

14

thus, when the five-year limit on the circuit court's revisory power began to run, we look to this Court's decision in *McDonald v. State*, 314 Md. 271, 550 A.2d 696 (1988).

In *McDonald*, Kathleen McDonald ("Ms. McDonald") was convicted of solicitation in the District Court of Maryland located in Baltimore County. *Id*. at 273, 550 A.2d at 696. Ms. McDonald, consequently, received a six-month suspended sentence and was placed on supervised probation for one year. *Id*. Subsequently, on a *de novo* appeal, the Circuit Court for Baltimore County found that Ms. McDonald had violated her probation, revoked her probation, and reimposed the sentence handed down by the district court. *Id.* at 273, 284, 550 A.2d at 697, 702. Ms. McDonald filed a motion for modification, which the circuit court denied because it believed it did not have the authority to revise the original sentence. *Id.* On appeal, this Court reversed the circuit court and concluded that the revocation of Ms. McDonald's probation returned Ms. McDonald to her original sentencing status. *Id.* at 284-85, 550 A.2d at 702. We held:

> Whether the hearing judge reimposes the original sentence or imposes a new sentence, the effect under Rule 4-345(b) remains the same; the 90-day period runs from the time *any* sentence is imposed or reimposed upon revocation of probation, and the court retains the authority to modify that sentence as the rule provides.

*Id.* at 285, 550 A.2d at 702.

To reach our conclusion in *McDonald*, we looked to the Court of Special Appeals' decision in *Coley v. State*, 74 Md. App. 151, 536 A.2d 1166 (1988). In *Coley*, the Court of Special Appeals held that "where a probation is revoked and resentencing occurs, the 90

15

day modification period should run from the date the new sentence is reimposed." *Id.* at 156, 536 A.2d at 1169. Our intermediate appellate court in *Coley* reasoned:

> [I]f an order revoking a defendant's probation returns the hearing judge to the original sentencing status, then any sentence so imposed must have the effect of an original sentence. Because Rule 4-345(b) applies to any sentence, it must apply to a sentence which is imposed following a revocation of probation.

*Id.*

From *McDonald* and *Coley*, we discern that when a defendant is resentenced after his or her probation is revoked, whether the court proceeds to reimpose the defendant's initial sentence or impose a new sentence, the resulting sentence is treated as an "original sentence" for purposes of Maryland Rule 4-345(e). To treat the subsequent pronouncement of a sentence as an "original sentence" yields the conclusion that the portion of Rule 4-345(e) that affords the circuit court revisory power for "five years from the date the sentence *originally* was imposed" must be interpreted to afford the trial court revisory power for five years from the date on which the defendant's probation is revoked and the subsequent sentence is reinstated or reimposed. As a result, a defendant has 90 days from the date on which his or her probation is revoked and subsequent pronouncement of a sentence, whichever is later, to file a motion for modification. Likewise, the trial court has five years from the date on which a defendant's probation is revoked and a sentence is imposed to exercise its revisory power over the sentence.

Applying the principles stated above to the facts of the present case, the circuit court imposed Mr. Schlick's sentence on September 20, 2005. Mr. Schlick correctly notes that for purposes of Rule 4-345(e) he was sentenced on September 20, 2005. Thereafter, he

16

had until December 19, 2005 to file a motion for modification, and the circuit court retained revisory power over his sentence until September 20, 2010.

Mr. Schlick's position, however, does not go far enough. After he was sentenced in 2005, Mr. Schlick was released on probation but, ultimately, violated the terms of his probation. Consequently, the court revoked his probation and reimposed his sentence on September 15, 2008. Pursuant to *McDonald*, the "order revoking [Mr. Schlick's] probation return[ed] the hearing judge to the original sentencing status" and for purposes of Rule 4-345(e) the new sentence "h[ad] the effect of an original sentence." *See McDonald*, 314 Md. at 284, 550 A.2d at 702. As such, Mr. Schlick had 90 days, or until December 14, 2008, to file a motion for modification. If a timely motion had been filed on Mr. Schlick's behalf, as he had requested of counsel, the circuit court would have had revisory power over his sentence for five years from the date that his sentence was then imposed.[6]

---

[6] Mr. Schlick relies on *Jones v. State*, 138 Md. App. 12, 769 A.2d 1015 (2001), to contend that his sentence was not imposed on September 15, 2008. To support his argument, Mr. Schlick relies on language from *Jones*, in which the Court of Special Appeals stated that when a court, "suspends execution of all or part of [a] sentence in favor of probation, and later strikes the probation and directs execution of all or part of the previously suspended part of the sentence, the court does not, at that time[,] reimpose all or any part of the sentence." *Jones*, 138 Md. App. at 22, 769 A.2d at 1021 (quoting *Moats v. Scott*, 358 Md. 593, 596-97, 751 A.2d 462, 464 (2000)). The Court of Special Appeals went on to say that the "original sentence is the only true punishment; the probation revocation is merely the withdrawal of favorable treatment previously accorded the defendant." *Id*. at 21-22, 769 A.2d at 1020-21.

By applying the selected language to the present case Mr. Schlick takes *Jones* out of context. *Jones* did not decide what constitutes an imposition of sentence for purposes of ruling on a defendant's motion for modification of sentence or otherwise purport to interpret Rule 4-345. Rather, *Jones* concerned whether a sentence was imposed in the context of imposing an enhanced penalty. *Id*. at 19, 769 A.2d at 1019. To reach its (continued . . .)

17

To the extent that the State argues that Mr. Schlick's sentence was originally imposed for purposes of determining the typical limitation on a trial court's revisory power, the State is correct. Our inquiry, however, does not end there because a timely motion for modification was *not* filed on Mr. Schlick's behalf. The postconviction court ruled on March 20, 2013 that Mr. Schlick received ineffective assistance of counsel and that he was therefore permitted to file a belated motion for modification. We must decide what, if any, impact the postconviction court's order had on the time constraints of the circuit court's revisory power under Maryland Rule 4-345(e).

*Mr. Schlick's Postconviction Relief and the Circuit Court's Revisory Power*

The postconviction court ruled on March 20, 2013 that Mr. Schlick received ineffective assistance of counsel because his attorney failed to file a timely motion for modification. Accordingly, the postconviction court granted Mr. Schlick permission to file a belated motion for modification within 90 days of the postconviction court's order. Before this Court, neither party challenges the propriety of the postconviction court's ruling.

By affording Mr. Schlick 90 days from the date of its order to file a motion for modification, the postconviction court effectively restored Mr. Schlick's rights and the circuit court's revisory power under Rule 4-345(e). That is, had Mr. Schlick received

---

(. . . continued)
conclusion, the *Jones* Court relied on *Moats*, which concerned the imposition of a sentence in the context of applying good conduct credits to a defendant's time served. *Moats*, 358 Md. at 605-06, 751 A.2d at 468-69. As such, neither *Jones* nor *Moats* interpreted the Rule at issue in the case at bar, and Mr. Schlick's reliance on those cases is misplaced.

18

effective assistance of counsel, he would have had 90 days from the date of his probation revocation and final judgment of the court to file a motion for modification. Mr. Schlick was denied this right due to his counsel's ineffectiveness. The postconviction court restored his right to file the motion for modification. Given that the postconviction court's order was rendered on March 20, 2013, Mr. Schlick had until June 18, 2013 to file his motion. He filed a motion on May 24, 2013.

Maryland Rule 4-345(e), however, explicitly affords Mr. Schlick more than the right to simply file a motion for modification. The Rule also grants the circuit court revisory power over such a motion for five years from the date on which a defendant's sentence was originally imposed. Md. Rule 4-345(e)(1)(B). For reasons that we previously explained, if Mr. Schlick had received effective assistance of counsel, he would have been entitled to the benefit of the circuit court's revisory power over his sentence for five years from the date that the court revoked his probation and reimposed his sentence. Mr. Schlick's sentence was reimposed on September 15, 2008. If a timely motion had been filed, the circuit court would have retained revisory power over Mr. Schlick's sentence until September 16, 2013, because September 15, 2013 fell on a Sunday. *See* Md. Rule 1-203(a)(1).

Not only was Mr. Schlick denied the right to file a motion for modification of sentence, he was also denied the court's exercise of discretion consistent with its revisory powers under Rule 4-345(e). Thus, to meaningfully restore Mr. Schlick's rights under the Rule, not only must Mr. Schlick be permitted to file a belated motion within 90 days of the postconviction court's order, but it follows that implicit in the postconviction court's grant

19

of relief was the ability of the circuit court to exercise its revisory power over Mr. Schlick's motion for five years from the date of the postconviction court's order. Applying the aforesaid principles to the facts of the present case, Mr. Schlick was granted postconviction relief on March 20, 2013. In compliance with the postconviction court's order, he filed a motion for modification on May 24, 2013. Therefore, the trial court had revisory power over Mr. Schlick's sentence until March 20, 2018.

In reaching this conclusion, we recognize that Rule 4-345(e) includes a defendant's right to seek meaningful redress by filing a timely motion for modification of sentence and obtaining the meaningful exercise of a circuit court's discretion to act on that motion within the time limits prescribed by the Rule. *See* Md. Rule 4-345(e). This application of the Rule is consistent with the notion to place the defendant in the position he would have been but for his counsel's ineffectiveness. *See Williams*, 326 Md. 367, 382-83, 605 A.2d 103, 110-11. If we were to adopt the State's position and hold that the circuit court's revisory power over Mr. Schlick's sentence lapsed on September 16, 2013 – five years after his probation was revoked on September 15, 2008 – Mr. Schlick's rights under Rule 4-345(e) would not have been fully restored. By the time Mr. Schlick obtained postconviction relief on March 20, 2013, he would have had only approximately six months remaining for the circuit court to rule on his motion before its revisory power lapsed. Under that scenario, Mr. Schlick would be denied the full benefit of the five-year time period during which the circuit court could exercise its discretionary revisory power over his sentence.

In our view, the circuit court erred when it prematurely concluded that it lacked revisory power over Mr. Schlick's sentence and thereby failed to exercise its discretion to

rule on the motion for modification of sentence.[7] Clearly, Mr. Schlick is not guaranteed a reduction in sentence or other modification of sentence as a matter of law. Rather, he is entitled to the full benefits of Maryland Rule 4-345(e), which he was denied due to his counsel's ineffectiveness. That is to say, Mr. Schlick is entitled to a full and fair opportunity in which to obtain the court's consideration and ruling on his motion considering the totality of the circumstances. Accordingly, we affirm the judgment of the Court of Special Appeals. We emphasize that our holding in this case is limited to those situations where a defendant is deprived of the opportunity to timely file or otherwise obtain consideration by the court of a motion for modification under Maryland Rule 4-345(e) as a result of ineffective assistance of counsel.

## CONCLUSION

We hold that, when the postconviction court granted Mr. Schlick 90 days from the date of its order to file a motion for modification of sentence, implicit in the court's ruling was the circuit court's authority to exercise it revisory power over Mr. Schlick's sentence for five years following the postconviction court's final order. Given that Mr. Schlick was granted postconviction relief on March 20, 2013, the circuit court had revisory power over his sentence for an additional five years from that date, or until March 20, 2018. On August 8, 2017, when the court dismissed Mr. Schlick's motion without a ruling on the merits

---

[7] Given that we hold that the circuit court's revisory power was ongoing when it dismissed Mr. Schlick's motion, it is not necessary for us to decide whether, as the Court of Special Appeals concluded, the circuit court retains indefinite fundamental jurisdiction to modify a sentence outside of the five-year period set forth in Maryland Rule 4-345(e). *See Schlick v. State*, 238 Md. App. 681, 693-94, 194 A.3d 49, 55-56 (2018).

because of a perceived lack of revisory power, the circuit court dismissed Mr. Schlick's motion prematurely. The court, in fact, had revisory power over Mr. Schlick's sentence for an additional 224 days, or until March 20, 2018. As such, when the circuit court dismissed Mr. Schlick's motion without a ruling on the merits, the circuit court erred as a matter of law.

Mr. Schlick is entitled to a full and fair opportunity to have his motion considered on the merits and ruled on within five years after the postconviction court's order. Therefore, we affirm the judgment of the Court of Special Appeals and direct that court to remand the case to the circuit court. If Mr. Schlick intends to further pursue his request for modification of sentence, he is required, within 30 days of this mandate, to file a motion in the Circuit Court for Baltimore City requesting that the court reconsider his motion for modification. In light of the 224 days that were outstanding when the circuit court dismissed Mr. Schlick's motion, we hold that the Circuit Court for Baltimore City retains revisory power over Mr. Schlick's sentence for an additional 224 days accounting from the date of Mr. Schlick's written request to the circuit court.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY PETITIONER.**

22