*Jeffrey Reyes v. State of Maryland*, No. 17, September Term, 2025, Opinion by Killough, J.

**CRIMINAL LAW-SENTENCING-MARYLAND RULE 4-345-SENTENCE IMPOSITION**

The Supreme Court of Maryland held that a sentence is not imposed under Maryland Rule 4-345 until the sentencing proceeding ends.

**CRIMINAL LAW-SENTENCING-MARYLAND RULE 4-345-SENTENCE INCREASE**

The Supreme Court of Maryland held that the Defendant's sentence was not illegally increased. The trial court increased the Defendant's sentence before the sentence was imposed, thus avoiding Double Jeopardy violations and the confines Maryland Rule 4-345 places on sentence increases and modifications. Rule 4-345 is inapplicable for any modification made in a sentence before the end of the sentencing hearing.

Circuit Court for Prince George's County
Case No.: C-16-CR-23-000311
Argued: October 1, 2025

IN THE SUPREME COURT
OF MARYLAND

No. 17

September Term, 2025

JEFFREY REYES

v.

STATE OF MARYLAND

Fader, C.J.
Watts
Booth
Biran
Gould
Eaves
Killough,

JJ.

Opinion by Killough, J.

Filed: November 24, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

This appeal requires us to examine the authority of a trial court judge to alter a criminal sentence for a defendant during the sentencing proceeding. Is a criminal sentence imposed at the moment the judge announces it in court, or can a trial judge alter that sentence at any time while the proceeding is ongoing? This question matters for purposes of Maryland Rule 4-345 ("Rule 4-345") titled, "Sentencing—Revisory Power of Court." If it is the former, then Rule 4-345 applies, and the trial judge can only alter a criminal sentence to correct an evident mistake or irregularity in the announcement of the sentence (and, at any time, to correct an illegal sentence). If it is the latter, then, in this case, Rule 4-345 is not implicated.

In this case, a jury found the Defendant, Jefferey Reyes,[1] guilty of second-degree assault, and the court sentenced him to five years' imprisonment, suspending all but nine months (to be served under home detention), followed by three years of supervised probation. Earlier in the hearing, however, the judge announced a sentence of one year, suspending all but nine months (to be served under home detention), followed by three years of supervised probation. Following that initial announcement, while the court was advising Reyes of his appellate rights, the prosecutor interrupted with a question about the sentence. A colloquy ensued, and the judge increased Reyes' sentence after stating on the record that she had misunderstood the maximum available sentence under the sentencing guidelines.

---

[1] The caption in this Court incorrectly spells the Defendant's first name as "Jeffrey."

We granted certiorari to decide two questions: (1) When is a criminal defendant's sentence imposed under Maryland Rule 4-345? and (2) Did the trial court illegally increase Petitioner's sentence when sentencing him to one year, suspending all but nine months, followed by three years of supervised probation, but later, after advising Petitioner of his post-trial rights, changing the sentence to five years, suspending all but nine months, and three years of supervised probation? For the reasons explained below, we agree with the State and affirm the trial court's sentence. Because a criminal sentence is not imposed until the sentencing hearing ends, Rule 4-345 was not triggered; therefore, the trial court did not illegally increase Reyes' sentence.

## I.

## Background

### A. Sentencing Hearing

A jury found Reyes guilty of second-degree assault on July 26, 2023. The sentencing proceeding was conducted on October 3, 2023. A pre-sentence investigation report[2] was not done in time, but after discussion with counsel, the court was able to deduce that Reyes had prior convictions in Virginia and Maryland. The Virginia conviction was for a theft where the whole sentence was suspended, and the Maryland conviction was for

---

[2] The Division of Parole and Probation sometimes will prepare a pre-sentence investigation report before a defendant's sentencing pursuant to Md. Code Ann., Corr. Servs. § 6-112.

a theft where Reyes received a sentence of probation before judgment.[3]  After discussing Reyes' previous convictions, the court asked the parties for their sentencing recommendations.  The State requested a sentence of five years, suspend all but ninety days, and three years of supervised probation.  The defense recommended a sentence of one year, suspend all, with credit for two days served in jail, and requested supervised probation for up to three years.

After Reyes' allocution,[4] the trial judge began describing the sentence she intended to impose.  The judge stated that she was "going to take the recommendation of the State," but let Reyes decide if he wanted to serve ninety days in the county detention center or nine months on home detention.  Reyes chose to serve nine months on home detention.  After explaining what home detention meant, the judge summarized the sentence that she intended to impose in this case:

> THE COURT:  So we are going to do the nine months of home detention, and . . . I am going to follow that with three years of supervised probation because I want to keep you on a short, tight leash. . . . All right, so with that then it is going to be 1 year, suspend all but 9 months, to be served on home detention with credit for two days, and followed by three years of supervised probation, the first year of payments waived, and anger management.  Okay? All right.

---

[3] Probation before judgment is a procedural disposition under Md. Code Ann., Crim. Proc. § 6-220 by which the court stays or defers entry of judgment and places the defendant on probation instead. If the defendant successfully completes probation, the court discharges the defendant from probation without entering judgment of conviction. *See* Crim. Proc. § 6-220(i)(3).

[4] Allocution is the criminal defendant's right to personally "face the sentencing body and to explain in his own words the circumstances of the crime as well as his feelings regarding his conduct, culpability, and sentencing." *Jones v. State*, 414 Md. 686, 697 (2010) (cleaned up).

While the judge was explaining Reyes' post-trial rights, the State interjected:

> THE COURT: [Prosecutor], was there something you wanted to say?
>
> [PROSECUTOR]: I did, Your Honor. I just was trying to clarify because I heard 1 year, suspend all but 9 months. So I didn't know if the 9 months was considered probationary – on part of the probationary side or part of the active side because then in theory with 1 year, he would only be looking at – looking at 3 months if he violated his probation, which I don't know if that is what Your Honor was trying to do. And that is why I was saying this.
>
> THE COURT: Well, I am going with – I am going with the max, and according to the guidelines it is 1 year, so – because it was – for the minor it was 1 year, moderate 2 years, right?
>
> [PROSECUTOR]: That is for active time, though, Your Honor. And again – and that is why I was asking for the 5 years to put over his head [].
>
> THE COURT: [] So then, yes, we will do the 5 years, suspend all but 9 months on home detention.

Although the judge stated that she would "take the recommendation of the State" and that she wanted to keep Reyes "on a short, tight leash," the criminal sentence she initially announced contradicted her stated intentions. After the prosecutor expressed concern that the announced sentence would leave only three months of "backup" active time for a probation violation and requested clarification for the court whether this was intentional, the judge acknowledged her mistake and revised her pronouncement to five years, suspend all but nine months on county home detention, followed by three years of supervised probation.

## B. Appellate Court of Maryland

Reyes appealed his sentence to the Appellate Court of Maryland, arguing that the trial court judge at sentencing had illegally increased his sentence after it had been imposed.

4

*Reyes v. State*, 264 Md. App. 616, 620–21 (2025). He contended that "once the sentence was announced, the court's authority to increase the sentence was circumscribed by Maryland Rule 4-345, which permits such an increase only if the original sentence was illegal, if there was some fraud, mistake or irregularity, or if the court made a mistake in announcing the original sentence." *Id.* The Appellate Court disagreed and held that Reyes' sentence was not illegally increased because a criminal sentence is not "imposed" until after the sentencing proceeding has concluded. *Id.* at 627–28. It reasoned that because the trial court increased the sentence during the proceeding, Rule 4-345 was not triggered and, accordingly, Reyes' sentence was not illegal. *Id.* at 630. For the reasons explained below, we agree with the Appellate Court and uphold the sentence imposed by the trial court.

**II.**

*Standard of Review*

It is well settled "that a trial judge has 'very broad discretion in sentencing.'" *Jones*, 414 Md. at 693 (quoting *Jackson v. State*, 364 Md. 192, 199 (2001)). Appellate review of a sentence is confined to three inquiries: "(1) whether the sentence constitutes cruel and unusual punishment or violates other constitutional requirements; (2) whether the sentencing judge was motivated by ill-will, prejudice or other impermissible considerations; and (3) whether the sentence is within statutory limits." *Jackson*, 364 Md. at 200 (quoting *Gary v. State*, 341 Md. 513, 516 (1996)) (cleaned up). Only the first inquiry is implicated here—namely, whether the trial court's increase of the defendant's sentence was legal under the Constitution's double jeopardy protections. Because the material facts after the trial judge's initial announcement of the sentence are undisputed—Reyes was not

5

remanded, the court did not call the next case, and Reyes remained in the courtroom—our review only concerns the legal question whether Rule 4-345 applies and whether a sentence was "imposed" as a matter of law, making our review de novo. *See State v. Crawley*, 455 Md. 52, 66 (2017) (explaining that the legality of a criminal sentence is reviewed de novo).

### III.

### *Discussion*

It is generally the case that a sentencing court may not increase a defendant's sentence once it has been imposed. *See State v. Sayre*, 314 Md. 559, 563 (1989) ("[T]he power to increase [a criminal defendant's sentence] terminates when sentence is imposed."); *see also* Md. Rule 4-345 (outlining the court's revisory power over an imposed sentence). Prior to adoption of Rule 4-345 and its predecessor, Maryland common law governed the revision of criminal sentences. *See State v. Thomas*, 488 Md. 456, 460 (2024) ("At common law, the circuit court's power to revise a sentence expired at the end of the term in which the sentence was imposed."); *State v. Schlick*, 465 Md. 566, 574 (2019) ("Prior to 1951, a court could revise a sentence only until the end of the term of court."). Those common-law restrictions on revising a sentence reflected long-standing concerns for finality and comity and were informed by the Double Jeopardy Clause, which forbids multiple punishments for the same offense. *See Brown v. Ohio*, 432 U.S. 161, 164–65 (1977) (explaining the Double Jeopardy Clause); *see also Taylor v. State*, 381 Md. 602, 610 (2004) (noting that Maryland common law affords protection against successive punishments even where the State Constitution lacks an explicit double jeopardy provision).

6

"In 1951 this Court adopted Part 4, Rule 10(c) of the General Rules of Practice and Procedure," permitting courts to reduce a sentence either *sua sponte* or on motion within ninety days of imposition. *Schlick*, 465 Md. at 574. In 1961, that provision "was amended and renumbered as Rule 764(b)[,]"[5] *id.*, and the rule's language was clarified to state explicitly that a court could "modify or reduce, but shall not increase the length of a sentence[,]" *Sayre*, 314 Md. at 570 (Rodowsky, J., dissenting) (dissent referencing Rule 764(b)). Thus, by the mid-twentieth century the Maryland Rules codified a sharper procedural limitation on post-sentencing increases than pre-existing common law alone had supplied. *See Sayre*, 314 Md. at 563.

Notwithstanding the double-jeopardy and common-law concerns, our cases have recognized that the temporal point at which a sentence becomes final—when it is "imposed"—turns on whether the sentencing phase of the hearing has concluded.

In *State v. Sayre*, this Court held that a court may not increase a sentence once it has been imposed. *Id.* at 566. In that case, Sayre was found guilty of battery, and the court

---

[5] In 1961, Rule 764(b) stated that:

"[f]or a period of ninety (90) days after the imposition of a sentence, or within ninety (90) days after receipt by the court of a mandate issued by the Court of Appeals upon affirmance of the judgment or dismissal of appeal, or thereafter, pursuant to motion filed within such period, the court shall have revisory power and control over the judgment or other judicial act forming a part of the proceedings. The court may, pursuant to this section, modify or reduce, but shall not increase the length of a sentence. After the expiration of such period, the court shall have such revisory power and control only in case of fraud, mistake or irregularity."

*Sayre*, 314 Md. at 570 (Rodowsky, J., dissenting).

7

sentenced him to five years of imprisonment, to be served concurrently with any sentence he was currently serving. *Id.* at 560. After announcing the sentence, the court ordered that Sayre be remanded to custody. *Id.* Shortly thereafter, the court indicated that it had misspoken and that it meant to say that Sayre's sentence was to run consecutively. *Id.* at 561. The court then had Sayre returned to the trial table, and the court stated that Sayre's sentence was to run consecutively. *Id.* On appeal, we reversed, holding that the trial court improperly increased Sayre's sentence because Rule 4-345 did not permit the sentencing court to alter Sayre's sentence in the manner it had, regardless of whether the court's original sentence had been a "slip of the tongue[.]" *Id.* at 562–65. As to when Sayre's sentence was to be considered "imposed," this Court explained:

> Ordinarily, sentencing may be considered as the last phase of a criminal trial. When sentence is pronounced or imposed, there is a final judgment for purposes of appeal. *See, e.g.*, *Jones v. State*, 298 Md. 634, 637, 471 A.2d 1055, 1057 (1984). The sentencing phase, for purposes of Rule 4-345(b), is at least at an end when the court indicates that the particular case before it is terminated, as by calling, or directing the clerk to call, the next case. Here, [the sentencing judge], after imposing the concurrent sentence on Sayre, said 'he is to be remanded to custody. Come, get him.' Obviously, Sayre's case was over. There was nothing more to be done. The court was ready to proceed to the next case. We hold that under these circumstances sentence was imposed.

*Id.* at 565–66 (internal footnote omitted).

The next year, in *Brown v. State*, 83 Md. App. 24 (1990), the Appellate Court of Maryland distinguished our holding in *Sayre* and upheld a mid-hearing adjustment to a sentence. 83 Md. App. at 34–36. The trial judge in *Brown* initially imposed a twenty-year sentence, but then—while Brown was still before the bench—recognized that the sentence did not include a suspended portion necessary to impose probation. *Id.* at 33. The court

8

immediately clarified that the sentence was "30 years, suspend all . . . but 20 [years]." *Id.* The intermediate appellate court held that the revision was permissible because the proceeding had not yet ended. *Id.* at 35. Brown remained in the courtroom, the judge had not remanded him, and the court was still engaged in pronouncing the sentence. *Id.* at 33. The intermediate appellate court opined that the *Sayre* rule applies only after the sentencing phase has concluded, because at that point, "the court [has] completed the sentencing." *Id.* at 34. Since the sentencing phase of the hearing had not concluded, the court was free to change the sentence, including to increase it. *Id.* at 35.

By contrast, in *Simpkins v. State*, 88 Md. App. 607 (1991), the trial court judge had pronounced sentence, Simpkins was led from the courtroom, and the judge called the next case. 88 Md. App. at 623–24. Roughly "ten minutes later," the court recalled the case and increased Simpkins' sentence. *Id.* at 624. The judge stated:

> "I am advised that people in the courtroom heard me say all but five years suspended. At no point was my intention to impose a sentence of five years. At all times it was my intention to impose a twenty-five year sentence." The Court clarified that appellant Simpkins "was sentenced to the jurisdiction of the Commissioner of Corrections for a period of thirty years, all but twenty-five years suspended."

*Id.* at 623. The intermediate appellate court held that the increase violated Rule 4-345, because the proceeding had already ended and the original sentence was therefore imposed. *Id.* The court explained that the conclusion of the sentencing hearing—marked by the court's remand of Simpkins and transition to another matter—was the point of finality. *Id.*

In response to the practical problems highlighted by *Sayre* and *Simpkins*—cases in which judges plainly misspoke but lacked a clear, timely mechanism to correct obvious

9

errors—the Standing Committee on Rules of Practice and Procedure recommended, and this Court adopted, an amendment to Rule 4-345 in 1992 allowing a court "to correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding." *Greco v. State*, 347 Md. 423, 432 n.4 (1997) (cleaned up); *see State v. Brown*, 464 Md. 237, 257–60 (2019) (discussing the amendment's genesis). That narrow provision was designed to permit, on-the-record correction of slips of the tongue or clerical errors while preserving the Rule's broader protection against post-imposition increases. The language concerning mistakes in the announcement of a sentence was later moved to the present subsection (c) in the 2004 recodification, but its substance remains the same.

Thus, Rule 4-345 operates within two complementary frameworks. *First*, it preserves the long-standing policy against increasing an already imposed sentence—reflecting both constitutional protections and common-law finality. *Second*, it recognizes the practical necessity that sentencing proceedings remain—until formally concluded—fluid, allowing a trial court to correct or clarify an announced sentence while the defendant remains in the courtroom. Under the Appellate Court's decisions in *Brown* and *Simpkins*—with which we are generally in agreement—and Rule 4-345, announcement of a sentence is not necessarily final; the law distinguishes an initial pronouncement from formal imposition, and finality attaches only when the sentencing proceeding has ended.

From these authorities, four governing principles inform the resolution of this appeal and define the scope of a trial judge's authority to revise a sentence while the sentencing hearing remains open:

10

*First*, the limits of Rule 4-345 apply only after a sentence has been imposed.

*Second*, a sentence is "imposed" when the sentencing proceeding concludes—ordinarily when the judge signals that the case is over, such as by remanding the defendant into custody, or by calling the next case. *See Sayre*, 314 Md. at 565–66 (describing conditions signaling that a sentencing hearing has ended).

*Third*, before that point, the court retains control and may modify or increase the sentence and Rule 4-345 is not implicated.[6] *Brown*, 83 Md. App. at 35.

*Fourth*, after imposition of the sentence, a sentencing court's power to increase that sentence is circumscribed by Rule 4-345, which permits such an increase only if the original sentence was illegal, if there was some fraud, mistake, or irregularity, or if the court is correcting an evident mistake in the announcement of the sentence before the defendant leaves the courtroom following the sentencing proceeding. *See* Md. Rule 4-345.

Applying those principles, the record here shows that the trial judge revised the sentence during an ongoing sentencing colloquy—before the proceeding concluded and without remanding Reyes to custody, taking a recess, or calling the next case. The judge initially stated that she would "take the recommendation of the State," but would allow Reyes to choose between ninety days in the county detention center or nine months on home detention; Reyes chose nine months on home detention. After explaining what home

---

[6] As discussed, *supra*, a judge may not impose a sentence out of "ill-will, prejudice, or other impermissible considerations[.]" *See Jackson*, 364 Md. at 200. In *Sayre*, this Court explicitly distinguished "an inadvertent slip of the tongue" that can properly be remedied under Rule 4-345 from a change of mind motivated by vindictiveness. *See Sayre*, 314 Md. at 563-64. A trial court's inherent authority to revise a sentence before formal imposition does not extend to permit increasing a sentence vindictively.

detention entailed, the judge summarized the sentence she intended to impose as "one year, suspend all but nine months, to be served on home detention with credit for two days, and followed by three years of supervised probation." While the court was advising Reyes of his post-trial rights, the prosecutor interjected to ask whether the nine months counted as active time or part of the probationary term, noting that under the initial formulation only three months of "backup" active time would be available for a probation violation and requesting a greater exposed term. In response, and while the colloquy remained open, the court revised its pronouncement and imposed a five-year term, suspending all but nine months to be served on county home detention, followed by three years of supervised probation. Nothing in the transcript indicates that the sentencing proceeding had concluded before the revision. Under the rationale espoused in *Sayre*—as well as in *Brown* and *Simpkins*, which we now adopt—a trial court retains authority to alter an announced sentence so long as the sentencing phase remains open, and the proceeding has not concluded.

Reyes contends that under Rule 4-345(c), a court may only correct an "evident mistake" after pronouncement and that any other change constitutes an impermissible increase. But that argument presupposes that the initial one-year term was "imposed" within the meaning of our caselaw. As our cases make clear, Rule 4-345(c) governs post-imposition corrections; it does not restrict a court's inherent authority to revise a sentence before final imposition. *See Resper v. State*, 354 Md. 611, 617 (1999) (noting that until a sentence is formally imposed, the court retains discretion to modify it). To hold otherwise

12

would conflate the act of announcing a sentence with its legal imposition, which would run contrary to the holdings of *Sayre*, *Brown*, and *Simpkins*.

Finally, the practical considerations underlying the caselaw and Rule 4-345 reinforce the outcome here. Sentencing proceedings are dynamic and unscripted. Judges often respond to argument, allocutions, and victim impact statements, clarify statutory requirements, determine sentencing guideline ranges, and correct misunderstandings in real time. The law must allow reasonable flexibility for those corrections so long as the proceeding has not concluded. To require absolute finality at the very moment an announced sentence is first uttered would produce potentially perverse consequences, unduly constraining a trial judge's ability to correct an announced sentence on the spot and placing an unwarranted restriction on judicial discretion by interfering with the court's ability to impose an appropriate sentence. Rule 4-345 safeguards against post-sentencing proceeding increases, thereby protecting defendants from surprise or unfairness once the sentence has been imposed.

In short, the trial judge's revision of Reyes' sentence occurred before imposition; the court, therefore, retained authority to alter his sentence consistent with Maryland caselaw and Rule 4-345. The sentencing proceeding remained open, Reyes was still before the court, and the modification reflected an ongoing effort to impose a sentence consistent with the court's intent and the applicable sentencing guidelines. Pursuant to the reasoning of *Brown* and *Simpkins,* and consistent with this Court's opinion in *Sayre*, Rule 4-345 has no application to this case. Accordingly, we find no error in the trial court's sentence and affirm.

**JUDGMENT OF THE PRINCE GEORGE'S COUNTY CIRCUIT COURT IS AFFIRMED. COSTS TO BE PAID BY THE PETITIONER.**